### STATE EX REL. COMMON SCHOOL DISTRICT NO. 1 IN ITASCA COUNTY v. DISTRICT COURT OF ITASCA COUNTY.[1]

July 12, 1918.

No. 20,993.

**Workmen's Compensation Act — accident arising out of employment — school teacher.**

A school district employed a young woman teacher for a one-room school in a densely wooded and sparsely settled part of the country. On her way to her boarding house, after her day's work at the school-house was done, and when off the school-house grounds, she was assaulted by an unknown man for the gratification of his passions and as a part of the transaction she was shot and the sight of one eye was destroyed. The Workmen's Compensation Act gives compensation for personal injury "caused by accident, arising out of and in the course of employment." It does not cover workmen except while engaged in or about the premises where their work is done or their service requires their presence; and it excludes "an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment." Without determining whether the injuries to the teacher arose in the course of the employment it is *held* that they were not, caused by accident arising out of the employment and that they are not compensable under the compensation act.

Upon the relation of the Common School District No. 1 in Itasca county, the supreme court granted its writ of certiorari directed to the district court for Itasca county to review proceedings in that court,

[1]Reported in 168 N. W. 555.

wherein a teacher in the employ of relator was allowed by Wright, J., compensation under the Workmen's Compensation Act.    Reversed.

*Baldwin, Baldwin & Holmes,* for relator.

*Ralph A. Stone,* for respondent.

DIBELL, C.

Certiorari to the district court of Itasca to review a judgment awarding compensation under the Workmen's Compensation Act to a school teacher in the employ of School District No. 1 of the county.

The facts are not in dispute.    The school district employed a young woman to teach in the Round Lake school some 35 miles from Deer River in Itasca county and 25 miles from Black Duck in Beltrami county, these two places being the nearest railway points.    The country is densely wooded and sparsely settled. . The school was a one-room school and 15 pupils attended.    The nearest house was a half mile away and the boarding place was a mile or a mile and a quarter.    On the morning of September 20, 1916, an unknown man asked for food at the boarding place of the teacher.    On the evening of that day, when her work at the schoolhouse was finished, she started for her boarding house taking a short cut through the woods.    She had some papers which she intended to correct at home in the evening and a book to study.    As she was on her way, and when just off the school grounds, she was criminally assaulted by this man for the gratification of his passions and as a part of the transaction he shot her destroying the sight of her left eye.    Some months later his body was found in a creek some miles away with a bullet wound through the heart and a revolver nearby.    He had evidently committed suicide.    There is no mistaking the facts recited.    The assailant saw the teacher in the morning, lurked about until the opportunity came after she left school, and then committed the assault for purposes of his own.

The Compensation Act requires of the employer compensation "in every case of personal injury or death of his employee, caused by accident, arising out of and in the course of employment," etc.    G. S. 1913, § 8203.

The meaning of the word "accident" and the phrase "personal in-

juries" arising out of and in the course of employment is defined as follows:

"(h) The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault and producing at the time, injury to the physical structure of the body.

"(i) Personal injuries, etc.—without otherwise affecting either the meaning or interpretation of the abridged clause, 'personal injuries arising out of and in the course of employment,' it is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen, and shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment." G. S. 1913, § 8230.

It is not questioned that a wilful assault may be an accident within the definition of the act. Without stopping to consider whether the injury to the teacher occurred in the course of employment, as the statute uses the term, since she was away from the place of her definite school work, and on her way home, and upon that question this opinion is not to be taken as intimating a view, we pass to a consideration of whether it arose out of employment within the meaning of the statute.

The phrase, arising out of employment, is usual to compensation acts though some do not have it, and it has been provocative of litigation. That under some circumstances an injury from an assault is one caused by accident arising out of the employment is without question; and it is as much without question that under other circumstances it is not.

When the nature of the employment is such as naturally to invite an assault, or when the employee is exposed to an assault by the character of his work, as when he is protecting or in charge of his employer's property, and the assault naturally results because of the employment and not because of something unconnected with it, so that it is a hazard

or special risk of the work, the cases say that it arises out of the employment. The following are illustrative: Trim Joint Dist. School v. Kelly [1914] A. C. 667 (schoolmaster in industrial school assaulted by pupils) ; Weekes v. Stead & Co. 7 B. W. C. C. 398 (foreman whose duty it was to hire men, those applying being of a rough class, assaulted by man to whom he refused work) ; Nisbet v. Rayne [1910] 2 K. B. 689 (cashier assaulted and killed for purpose of robbing him of employer's money) ; Anderson v. Balfour [1910] 2 I. R. 497 (gamekeeper assaulted by poacher) ; Challis v. London, etc. Co. [1905] 2 K. B. 154 (engineer driving engine under bridge hit by a stone thrown by boy on bridge) ; Re Reithel, 222 Mass. 163, 109 N. E. 951, L.R.A. 1916A, 304 (mill superintendent shot by trespasser whom it was his duty to remove) ; Chicago Dry Kiln Co. v. Industrial Board, 276 Ill. 556, 114 N. E. 1009 (night watchman asaulted while protecting employer's property) ; Ohio, etc. Co. v. Industrial Board, 277 Ill. 96, 115 N. E. 149 (watchman assaulted) ; Hellman v. Manning Sand Paper Co. 176 App. Div. 127, 162 N. Y. Supp. 335 (watchman assaulted) ; Carbone v. Loft, 219 N. Y. 579, 114 N. E. 1062 (workmen assaulted by fellow worker apparently as result of a quarrel) ; Polar Ice & Fuel Co. v. Murray (Ind. App.) 119 N. E..149 (employee whose duty it was to collect shortages from deliverymen shot as result of quarrel with one of them about collections).

When the assault is unconnected with the employment, is personal to the assailant and the one assaulted, is not because the relation of employer and employee exists, and the employment is not the cause, though it may be the occasion, of the wrongful act, and may give a convenient opportunity for its execution, the cases say that the intentional injury does not arise out of the employment. The following are illustrative: Murphy v. Berwick, 43 Ir. Law Times, 125 (cook in hotel assaulted by drunken customer of adjoining bar) ; Mitchinson v. Day Bros. [1913] 1 K. B. 603 (employee, driver of a van, assaulted and killed by a drunken man under circumstances constituting manslaughter) ; Armitage v. Lancashire, etc. Co. [1902] 2 K. B. 178 (workman injured by piece of iron thrown by angry fellow workman) ; Blake v. Head, 5 B. W. C. C. 303 (felonious assault by employer) ; Walther v. American Paper Co. 89 N. J. Law, 732, 99 Atl. 263 (night watchman killed by fellow employee,

for purpose of robbing him of his pay); Schmoll v. Weisbrod, etc. Co. 89 N. J. Law, 150, 97 Atl. 723 (collector of brewing company assaulted by unknown person in a rough locality where his work took him; no showing that motive was robbery or that employer knew of character of locality); Re Harbroe, 223 Mass. 139, 111 N. E. 709, L.R.A. 1916D, 933 (night watchman killed by police officers who mistook him for a robber).

These and many other cases are cited on one phase or the other of the question in the various treatises and annotations. Bradbury, Work. Comp. 587, et seq.; 1 Honnold, Work. Comp. §§ 87, 120; Dosker, Comp. Law, § 113; Chartres, Work. Comp. 112-114; notes L.R.A. 1916A, 64, 309; L.R.A. 1917D, 123; notes 6 N. C. C. A. 1010-1030, 11 N. C. C. A. 235-254.

There are no cases in this state of direct value. State v. District Court of Koochiching County, 134 Minn. 16, 158 N. W. 713, L.R.A. 1916F, 957, is cited. There an injury to a bartender who was struck by a glass thrown by a drunken customer was held to arise out of the employment. The fact that there was no personal altercation was noted. State v. District Court of Hennepin County, 139 Minn. 73, 167 N. W. 283, is cited. There it was recognized that an injury coming from horseplay or practical joking might, under particular circumstances, be said to arise out of the employment. These cases suggest, as do others which we might cite, and perhaps particularly so those which have given compensation when the injury was caused by lightning or freezing or heat stroke, the liberal construction which we put in favor of the employee upon the language of the statute. It is not a question of fault or negligence. It is a question of causal relation between the employment and the injury for which compensation is sought.

The cases which are here cited from various jurisdictions, and of which we have indicated briefly the nature, arose under statutes not limiting the meaning of the phrase, arising out of employment, by excluding intentional acts of third persons. We find not more than a half dozen states having compensation acts with such a limitation, and the English act has not, and in none having such limitation do we find a construction. The important statement is that compensable injuries *"shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to*

*him, and not directed against him as an employee, or because of his employment."* The act of the unknown man was in its beginning solely to gratify his personal lust, and it was not directed against the teacher because she was a teacher or as an employee or because of her employment. The employment may have given the occasion, and without the employment there might have been no opportunity, but there was no causal connection between the employment and the criminal act of the unknown assailant. Whether without the clause excluding *intentional* injuries by third persons for personal reasons and unconnected with the employment there could be compensation we do not inquire. In any event the statutory exclusion is effective to prevent compensation.

In reaching this conclusion we have examined all the cases cited to us, and the carefully prepared and helpful memorandum of the trial court.

Judgment reversed.