(96 South. 188)

## GARRETT v. GADSDEN COOPERAGE CO.
### (7 Div. 327.)

(Supreme Court of Alabama. April 12, 1923.)

1. **Action** ⊂⇒50(6) — **Employee's complaint against coemployee and employer demurrable for misjoinder.**

Where an employee assaulted by his foreman brought an action for damages against the foreman and employer jointly under the superintendence subsection of the Employers' Liability Act (Code 1907, § 3910), alleging facts appropriate to a complaint under that section, a demurrer for misjoinder was properly sustained.

2. **Master and servant** ⊂⇒401 — **Plea to complaint for assault held insufficient to show compensable injury by accident "arising out of and in course of employment," and not tantamount to general issue.**

Where an employee's complaint under Employers' Liability Act (Code 1907, § 3910) alleged injuries from a willful assault committed by his foreman while plaintiff was in defendant's plant, a plea alleging that, while plaintiff was on defendant's premises as an employee, the foreman willfully struck him while both were on defendant's premises engaged in work for defendant, was insufficient as against a demurrer to show injury by "accident arising out of and in the course of his employment" within Workmen's Compensation Act, §§ 9, 10½, 11, as defined in the provision of section 36 excluding injury by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and was not tantamount to the general issue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

3. **Pleading** ⊂⇒217(1)—**Visitation of demurrer on pleading previous to that objected to not permissible as creating general demurrer which statute prohibits.**

Under Code 1907, § 5340, the visitation of a demurrer upon a pleading antecedent to that in terms objected to cannot be allowed, since that could only have the effect of a general demurrer, which the statute prohibits, though a different rule applies where the complaint fails to state a cause of action.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for damages by Cliff Garrett against the Gadsden Cooperage Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

Whatever a corporation does by an agent, it does by itself. Hart v. Jones, 14 Ala. App. 327, 70 South. 206; Bessemer, etc., Co. v. Doak, 152 Ala. 174, 44 South. 627, 12 L. R. A. (N. S.) 389; Highland, etc., R. Co. v. Robinson, 125 Ala. 489, 28 South. 28. Both the superintendent and the corporation were liable for the assault, and there was no misjoinder of them as defendants. Authorities supra. Wanton, willful, and intentional injury is not covered by the Workmen's Compensation Act. E. T. & V. v. Johnston, 75 Ala. 596, 51 Am. Rep. 489; W. U. Tel. Co. v. Way, 83 Ala. 542, 4 South. 844.

Miller & Graham, of Birmingham, and O. R. Hood, of Gadsden, for appellee.

If appellant was entitled to recover at all it was under the Workmen's Compensation Act. Stegall v. S. S. S. I. & Co., 205 Ala. 100, 87 South. 787; In re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; Stasmas v. R. I. C. & M. Co., 80 Okl. 221, 195 Pac. 762, 15 A. L. R. 576; Minnesota v. Dist. Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579; Cranney's Case, 232 Mass. 149, 122 N. E. 266, 15 A. L. R. 584; Chicago v. Ind. Comm., 292 Ill. 406, 127 N. E. 49, 15 A. L. R. 586.

SAYRE, J. [1] Appellant suffered injuries at the hands of one LeFergie, a foreman or superintendent, both employed by appellee in its cooperage plant at Gadsden. Appellant originally brought his action for damages against LeFergie and the Cooperage Company jointly under the superintendence subsection of the Employers' Liability Act (section 3910 of the Code), alleging facts appropriate to a complaint under that subsection. Defendants demurred for misjoinder. The demurrer was properly sustained. Southern Railway v. Hanby, 166 Ala. 641, 52 South. 334; Gulf States Steel v. Fail, 201 Ala. 524, 78 South. 878. LeFergie was then eliminated by amendment, and the complaint further amended so as to allege that—

"The plaintiff was in and about the plant of said defendant * * * and at the said time and place an agent or servant of the defendant [LeFergie], then and there acting within the line and scope of his duties to defendant, * * * then and there, while so acting, wantonly and willfully struck plaintiff on the head with a bar of iron, and as a proximate consequence plaintiff's head was lacerated," etc.

To the complaint as thus amended, count 2, defendant Cooperage Company filed plea 2, alleging, to state the plea in abbreviated form, that, at the time of plaintiff's injuries, September 2, 1921, defendant had 16 or more employees in its service at the cooperage plant; that plaintiff was on the premises as an employee or servant, "and that the said Will LeFergie struck plaintiff with said bar of iron whilst he and plaintiff were both on the premises of this defendant engaged in the performance of work for the defendant, as such servants." Defendant's conclusion that "plaintiff is not entitled to recover in this action" proceeds upon the theory that, on the facts alleged, it is liable to plaintiff, if at all, according to the provisions of the Workmen's Compensation Act (Gen. Acts 1919, p. 206) only. Plaintiff, appellant, assigns for error the ruling by which the legal sufficiency of plea 2 was sustained against demurrer, and also the general affirmative charge given at defendant's request.

[2, 3] Defendant's purpose in framing its plea appears to have been to make such a statement of plaintiff's case as to show that it fell within the exclusive field of the Workmen's Compensation Act, and so to deny plaintiff's right to recover on any other ground. Our opinion is that defendant failed of this specific purpose for reasons to be stated.

Presumptively, on the facts alleged in the plea, the parties are affected by the provisions of the act for elective compensation (section 11 of the act), and plaintiff's right and remedy are governed by the act exclusively (section 10½), provided his injuries were caused by "an accident arising out of and in the course of his employment." As to whether plaintiff's injuries were caused by an accident and in the course of his employment, no presumption is to be indulged. Courts generally seem to have settled upon the proposition that the fact that an injury is the result of a willful or criminal assault upon the employee does not prevent the injury from being accidental within the meaning of Workmen's Compensation Acts. City of Chicago v. Industrial Commission, 292 Ill. 406, 127 N. E. 49, 15 A. L. R. 586, note. The act here, following closely the language of the Minnesota law, defines "accident" as meaning:

"An unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body, by accidental means." Gen. Acts 1919, p. 238, § 36.

This definition, we venture to say, does not contribute much to an understanding of the question at issue. But the courts, viewing the matter of chance or accident from the workman's viewpoint, construing the legislative purpose as being, on economic grounds, to provide insurance for the workmen against personal injury not expected or designed by himself, have adopted a meaning which they

deem necessary to the effectuation of the broad legislative purpose, and hence they hold that a willful assault may be an accident within the definition of the act. Minnesota ex rel., etc., v. District Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579; Stasmos v. State Industrial Commission, 80 Okl. 221, 195 Pac. 762, 15 A. L. R. 576, and authorities cited. The statute here contributes something further in the way of definition and limitation by providing that no compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, etc. Gen. Acts 1919, p. 208, § 9. On the facts alleged and the considerations adverted to we may concede that, within the meaning of the act, plaintiff suffered accidental injuries, though we find no categorical allegation to that effect in either the complaint or the plea.

To bring plaintiff's case within the scope of the act it must appear, not only that his injury was caused by accident, but that it arose out of and in the course of his employment. As to this, the fact that both plaintiff and his assailant employee were at the time on defendant's premises, and engaged in the performance of work for defendant, is not at all conclusive. It cannot be intended as matter of law or fact that LeFergie, when he willfully and wantonly struck plaintiff, was in the performance of defendant's work. The allegation of the plea must be construed as meaning only that in a general way LeFergie was engaged in performing defendant's work. Liability to an assault of the character shown must have been a hazard or risk of the work. The act provides that an accident arising out of and in the course of the employment "shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment," etc. Gen. Acts 1919, p. 238, § 36. The Supreme Court of Minnesota, from which state our act is transcribed in the main, has considered the question here presented. Minnesota ex rel., etc., v. District Court, supra. The Minnesota court mentions the fact that provisions like that quoted last above are to be found in only a few of the states; but our observation is that the courts elsewhere on consideration of general principles of law and justice have stated similar conclusions. See elaborate note to Linnane v. Ætna Brewing Co., L. R. A. 1917D, beginning on page 114. It results that, if an assault on an employee is committed by another, whether co-employee or stranger, solely to gratify personal ill will, anger, or hatred, the injury done cannot be said to arise out of the employment within the meaning of the Workmen's Compensation Act. 15 A. L. R. p. 594. To justify recovery "The rational mind must be able to trace the resultant personal injury

to a proximate cause set in motion by the employment, and not by some other agency." Madden's Case, 222 Mass. 487, 495, 111 N. E. 379, 383 (L. R. A. 1916D, 1000). In Hinchuk v. Swift & Co., 149 Minn. 1, 182 N. W. 622, it is said that the principle applicable to cases like that at bar is that the injury is included within the statute if there is some causal relation between the employment and the injury; the court adding:

"Not that the injury must be one which ought to have been foreseen, but it must be one which, after the event, may be seen to have had its origin in the nature of the employment."

See 15 A. L. R. 589, where many illustrative cases are noted.

In the present case it does appear from the plea that plaintiff's injury was received in the course of his employment—that is, while he was at work for defendant—but it nowhere appears, in either complaint or plea, that it arose out of his employment. For aught appearing, plaintiff's injury may have been caused by an assault made by his assailant for reasons altogether personal to himself, and not directed against plaintiff as an employee or because of his employment or as an incident thereto, and, if this was the case, plaintiff was not denied the right to maintain his action on whatever ground he might be able to prove without the field covered by the Compensation Act.

Defendant (appellee) suggests that its demurrer to the amended complaint (count 2) should have been sustained on the authority of Steagall v. Sloss-Sheffield Co., 205 Ala. 100, 87 South. 787, and that the ruling against its demurrer resulted in a shifting of the burden of allegation and proof on the question whether plaintiff was limited exclusively to the remedy provided by the Compensation Act. We entertain no doubt that the complaint was defective in several respects. But, under our statute (section 5340 of the Code), the visitation of a demurrer upon a pleading antecedent to that in terms objected to cannot be allowed, for that could only have the effect of a general demurrer, which the statute prohibits. Henley v. Bush, 53 Ala. 641; Ex parte Hines, 205 Ala. 21, 87 South. 691, where the cases are collected. It seems that a different rule must apply where the complaint fails to state a cause of action, but in the case at bar we think it cannot be said that the complaint would not support a judgment by default.

Nor was the special plea tantamount to the general issue. As heretofore stated, the complaint alleges nothing as to the capacity in which plaintiff was on defendant's premises nor what he was doing. Whether he was there as employee, invitee, licensee, or mere trespasser, defendant and its officers, agents, and servants owed him the duty not to injure him wantonly and willfully, whether plaintiff's right in that regard was to be vin-

dicated under one law or another. Defendant by its special plea did not deny material allegations of the complaint; it merely sought by the allegation of new matter to deny plaintiff's right to recover. The demurrer to defendant's special plea should have been sustained.

It is clear upon the whole record that the trial court gave the general charge for defendant upon the ground that defendant had proved its special plea without dispute in fact or inference, and so that defendant prevailed on a materially defective plea. Whether under the pleadings as they may be reformed plaintiff will be entitled to a verdict may possibly be a question for jury decision, though it is to be conceded that, on the evidence as it now appears, plaintiff's relief should have been sought in the manner prescribed by the provisions of the Compensation Act for elective compensation.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.