(100 South. 114)
### Ex parte COLEMAN. (6 Div. 835.)

(Supreme Court of Alabama.    April 10, 1924.
Rehearing Denied May 15, 1924.)

**1. Master and servant ⬅⟿401—Employer's answer in proceedings under Compensation Act need not set out evidence.**

Workmen's Compensation Act, § 28, requiring employer to file a verified answer setting up facts on which he relies does not require evidence to be set out, and answer will be sufficient, if it clearly informs plaintiff of essential defensive facts, though it be but a conclusion of fact from evidence.

**2. Master and servant ⬅⟿403—Plea in compensation case held to place burden of proof on plaintiff.**

Where employer's plea in proceedings under Workmen's Compensation Act in effect denied that injury arose out of deceased's employment, plaintiff had burden of proof upon that issue.

**3. Master and servant ⬅⟿412—Trial court's findings on evidence in compensation case conclusive.**

If evidence in compensation case will on any reasonable view support conclusion reached in trial court, finding and judgment will not be disturbed on certiorari.

**4. Master and servant ⬅⟿373 — Assault on employé for personal reasons not compensable.**

A willful assault upon an employé for personal reasons, whether by a fellow workman or a third person, is not compensable in view of Workmen's Compensation Act, § 36 (2) subd. j.

**5. Master and servant ⬅⟿405(1)—Rule of liberal construction of Compensation Act does not alter rules of evidence.**

While Workmen's Compensation Acts are to be liberally construed in favor of the workman, such construction does not alter rules as to measure of proof or sufficiency of evidence.

**6. Master and servant ⬅⟿403—Assault held not to raise presumption it arose out of employment within Compensation Act.**

A willful assault on employé does not raise the presumption that it arose out of his employment within Workmen's Compensation Act, such conclusion being drawn, if at all, from circumstances or from testimony of witnesses tending to show causal relation of employment to injury.

**7. Master and servant ⬅⟿412—Error in finding in compensation case held immaterial.**

In proceedings under Workmen's Compensation Act, it was immaterial that trial court erred in finding that deceased was not killed in course of his employment, where death was due to an assault which was not compensable.

Petition for certiorari to Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Petition of Nellie J. Coleman for writ of certiorari to the circuit court of Tuscaloosa county, to review the judgment and finding of said court in a proceeding under the Workmen's Compensation Act by Nellie J. Coleman against the Alabama Company. Affirmed.

Dodson & Butts and Brown & Ward, all of Tuscaloosa, for petitioner.

The act is construed liberally in favor of the employé. Stasmos v. R. I. C. M. Co., 80 Okl. 221, 195 Pac. 762, 15 A. L. R. 576; Cranney's Case, 232 Mass. 149, 122 N. E. 266, 15 A. L. R. 584; Chicago v. Ind. Comm., 292 Ill. 406, 127 N. E. 49, 15 A. L. R. 586. The fact that the employé was found dead at his post of duty raises the presumption that he was killed during the course of his employment. Chartres, W. C. L. 645; Proctor v. S. S. Serbino, 3 K. B. 344. Injury in course of employment may be shown by circumstantial evidence. Dixon v. Andrews, 91 N. J. Law, 373, 103 Atl. 410; Ohio Co. v. Ind. Board, 277 Ill. 96, 115 N. E. 149; Stuart v. K. C., 102 Kan. 307, 171 Pac. 913.

Foster, Verner & Rice, of Tuscaloosa, opposed.

No brief reached the Reporter.

SOMERVILLE, J.  The complaint, which is framed under section 28 of the Workmen's Compensation Act (Acts 1919, pp. 206–227) alleges that petitioner's husband was in the employ of the defendant company, and, on February 27, 1921, "while in the discharge of his duties as such employé, which consisted in the operation of a gasoline engine and pump in the mines of said corporation, he was injured and killed by an accident arising out of and in the course of his employment, the nature and cause of which accident is not known save that the said Henry J. Coleman was found dead at his post of duty, and that his head was bruised and his body burned from ignited gasoline which had flowed from a disconnected feed pipe, which was a part of the machine which he was operating immediately before his death."

[1] Section 28 of the act provides that—

"Within five days prior to the date fixed for the hearing of the controversy the employer shall file a verified answer to the complaint setting up the facts which he relies on in defense thereof."

This does not require that the evidence be set out, and the answer will be sufficient if it clearly informs the plaintiff of the essential defensive fact or facts relied on, though it be but a conclusion of fact from the evidence. Moreover, when the defense is merely a denial of the facts alleged in the complaint, or of a single fact essential to recovery, there is no occasion, and certainly no necessity, for setting up any facts in the answer other than in the general terms of

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered-Digests and Indexes

a negation. It was not intended, we think, that the pleadings under this act should be cast in the technical precision of the common law, or tested by the refined objections of hypercriticism.

Plaintiff was not prejudiced by the state of the pleadings, nor by any ruling of the court thereon. The supplemental plea setting up facts of evidence was not necessary, and it seems that the court properly regarded it as an addition merely to the plea already on file.

[2] The effect of that plea was to deny that the injury arose out of the deceased's employment, imposing upon plaintiff the burden of proof upon that issue, and to admit every other allegation of the complaint.

The essential findings by the trial court were as follows:

(1) That the plaintiff in this cause is not entitled to recover unless and before she has shown that the death of her intestate was caused to him while an employé of the defendant by an accident arising out of and in the course of his employment.

(2) That Henry J. Coleman was maliciously murdered by some one, and that his death was in no sense caused by, or the result of, or incidental to, any of his duties as an employé of this defendant.

(3) That his death did not occur in the course of his employment by the defendant; that it did not grow out of his employment by the defendant; that it was not, and could not be, anticipated by the defendant; that the cause of his death was in no way whatsoever related to his employment by the defendant; that nothing in the nature of the employment of the deceased by the defendant could have given the defendant any cause to expect or anticipate the possible death of the deceased from the agency or agencies which caused his death; that the cause of the death of the deceased was entirely unrelated to and foreign to any incident or incidents of the employment of the deceased by the defendant; and that the deceased did not come to his death by an accident arising out of and in the course of his employment by the defendant.

[3] It has been thoroughly and finally settled by the decisions of this court that—

"If, on any reasonable view of the evidence it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed." Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 221, 92 South. 458, 460; Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 South. 289; Ex parte Nunnally Co., 209 Ala. 82, 95 South. 343; Ex parte Shaw, 210 Ala. 185, 97 South. 694; Ex parte Thomas, 209 Ala. 276, 96 South. 233.

We have thoroughly considered the evidence before the trial court, as shown by the bill of exceptions, and our conclusion is that it fully and fairly supports the finding that the deceased employé was intentionally and maliciously killed by some person unknown.

[4] It is well settled that a willful assault upon an employé, whether by a fellow workman or a third person, may be an "accident" within the definition of the act. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 225, 96 South. 188, citing State ex rel. Common School Dist. No. 1, of Itasca County v. District Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579, with note, collecting the cases; Honnold on Workmen's Compensation, 437. But, by the very terms of our act (section 36 [2], subd. j) accidents to an employé, "arising out of and in the course of his employment," "shall not include an injury caused by the act of a third person or fellow employé intended to injure the employé because of reasons personal to him, and not directed against him as an employé, or because of his employment, * * *." This provision is found only in the Minnesota and Alabama acts, but the restriction, which is obvious enough, seems to have been generally recognized by the courts independently of statutory declaration. State of Minn. ex rel. Common School Dist. No. 1, of Itasca County, v. District Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579, supra; Linnane v. Ætna Brewing Co., L. R. A. 1917D, note, 114.

[5, 6] It is of course the settled rule everywhere that these acts are to be liberally construed in favor of the workman; but this does not mean, as counsel seem to argue, that the rule as to the measure of proof, of the sufficiency of evidence, is different from the rule in ordinary cases. The burden is on the plaintiff to reasonably satisfy the trial court that the accident arose out of and in the course of the workman's employment, and, where there is any substantial legal evidence in support of the finding of the trial court, the judgment, whether affirmative or negative, will not be disturbed on appeal. From the fact alone of a willful assault upon the workman, it cannot be presumed that it arose out of his employment. That conclusion must be drawn, if at all, from the circumstances of the case, or from the testimony of witnesses, tending to show the causal relation of the employment to the injury; and "the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency." Madden's Case, 222 Mass. 487, 495, 111 N. E. 379, 383, L. R. A. 1916D, 1000, quoted with approval in Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 South. 188; Ex parte Majestic Coal Co., 208 Ala. 86, 91, 93 South. 728.

The character of the wounds on the head of deceased refutes the theory of plaintiff's counsel that he could have been killed by falling forward on the machinery, and, we think, compels the conclusion that he was

deliberately and intentionally killed by a human assailant, and there is an entire absence, of evidence to support the required inference that the assault grew out of the employment as its juridical cause. As said in State ex rel., etc., v. District Court, 140 Minn. 470, 475, 168 N. W. 555, 556, 15 A. L. R. 579, 583:

"The employment may have given the occasion, and without the employment there might have been no opportunity, but there was no causal connection between the employment and the criminal act of the unknown assailant."

Our conclusion is that the material findings of the trial court are well supported by the evidence, and under our rule of review by certiorari cannot be set aside.

[7] It is of no consequence that the trial court erred in finding that the deceased was not killed "in the course of his employment," for the conclusion would be the same in either case.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.