(104 So. 764)

## Ex parte BIG FOUR COAL MINING CO. (FORD, Intervener). (6 Div. 343.)

(Supreme Court of Alabama. June 11, 1925.)

I. Certiorari ⬟1, 68—Writ goes only to questions concerning jurisdiction of subordinate tribunals and legality of its proceedings.

Supervisory power by means of common-law writ of certiorari extends only to questions touching jurisdiction of subordinate tribunal and legality of its proceedings, and conclusions of fact cannot be reviewed, unless specially authorized by statute.

2. Master and servant ⬟405(4) — Plaintiff must reasonably satisfy court that injury is compensable.

Plaintiff, in compensation proceeding, must reasonably satisfy trial court that accident was within provisions of Workmen's Compensation Law, and that injury was proximate result thereof.

3. Master and servant ⬟398—Proof of notice essential to recovery of compensation.

No recovery can be had under Workmen's Compensation Law for death of employé, where giving of notice of death, as required by sections 19 and 20, is not shown.

4. Master and servant ⬟412—Total lack of evidence to support finding becomes question of law.

A total lack of evidence on trial, to support finding of material fact in compensation proceeding, becomes question of law.

5. Master and servant ⬟412—Bill of exceptions looked to in reviewing compensation proceedings.

When finding of fact in compensation proceeding is silent as to material fact, court on certiorari may look to bill of exceptions.

6. Master and servant ⬟398—Award reversed for failure to give notice.

Where written notice of death of employé, required by Workmen's Compensation Law, §§ 19, 20, was not given, award must be reversed.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Petition of Big Four Coal Mining Company and C. W. Ford (by intervention) for certiorari to the circuit court of Jefferson county to review the judgment there rendered in a proceeding by Mary Watson against petitioners under the Workmen's Compensation Act. Writ granted. Judgment reversed and remanded.

A. Leo Oberdorfer and Stokely, Scrivner, Dominick & Smith, all of Birmingham, for petitioner Big Four Coal Mining Co.

In view of the decision, it is not necessary that brief be here set out.

Arthur L. Brown, of Birmingham, for intervener Ford.

In order for recovery to be had, it must be alleged and shown that notice was given within the time prescribed. L. & N. v. Chamblee, 171 Ala. 192, 54 So. 681, Ann. Cas. 1913A, 977; Code 1923, § 7568.

W. A. Denson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporte..

THOMAS, J. The suit was under the Workmen's Compensation Law against the Big Four Coal Mining Company and C. W. Ford.

Defendant Ford demurred to the complaint on the ground, among others, that written notice of death was not averred to have been given as required by statute, and the complaint was amended to meet said objection. All the parties in interest are before the court. L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900.

The judgment was against the corporation and Ford. The former presents the petition for common-law certiorari, and Ford intervenes and assigns error. There is a bill of exceptions to illustrate findings of the trial court, pursuant to construction this court has given the statute.

The term "employers" is defined by statute (section 7596, Code 1923), and third parties within that definition are indicated by section 7585. The relation borne by the party insured and that against whom compensation is claimed is declared as "employé" and "employer." Sections 7534, 7543, 7571, Code 1923. The general procedure to a judgment in controversy between the employer and employé, or dependents of the latter, with respect to compensation under articles 1 and 2 of chapter 287, is contained in section 7571 of the Code.

The necessity of a complaint under the Compensation Act was adverted to in Steagall v. Sloss-Sheffield S. & I. Co., 205 Ala. 100, 87 So. 787; Garrett v. Gadsden Cooperage Co.,

⬟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

209 Ala. 223, 96 So. 188; St. L. & S. F. Ry. Co. v. Carros, 207 Ala. 535, 93 So. 445.

[1] The difference between appeal and certiorari is made clear in Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803, declaring, as it does:

" 'The supervisory power of a superior over an inferior legal tribunal by means of a common-law writ of *certiorari* extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute.' "

[2-4] It should further be observed that a party as petitioner in such suit must discharge the burden of proof imposed upon him by law and material to the issue being tried. To illustrate that the relation of the parties was within the protection of the statute, or (where not conclusively presumed) that there was the relation of dependence, or that the required notice was given (Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Central Iron & Coal Co., 209 Ala. 22, 95 So. 472; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Steagell v. Sloss-Sheffield S. & I. Co., 205 Ala. 700, 87 So. 787; Ex parte Harper, 210 Ala. 134, 97 So. 140), the plaintiff must reasonably satisfy the trial court that the accident was within the provisions of the act, and that the injury was the proximate result thereof (Ex parte Alabama Dry Dock & Shipbuilding Co. [Ala. Sup.] 104 So. 251 [1]). Failing in the discharge of the burden of proof as to notice, no recovery could be had. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 531, 93 So. 425; Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Sloss-Sheffield S. & I. Co., Cook's Case (Ala. Sup.) 103 So. 920; [2] Code 1923, §§ 7568, 7569; Gen. Acts 1919, §§ 19, 20, p. 206.

The office of a bill of exceptions in such case has been fully defined by this court. Ex parte Paramount Coal Co., 104 So. 753; [3] Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626. A total lack of evidence on the trial to support the finding of a material fact becomes a question of law. Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 So. 458; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Dry Dock & Shipbuilding Co., supra.

[5, 6] The finding of fact is silent as to notice. We may aid this failure by looking to the bill of exceptions. The evidence fails to show that the required written notice was given to Ford. For this failure the writ is granted on his intervention.

We need not decide, after preparation of the foregoing opinion, as to whether or not the Big Four Coal Mining Company was liable, since the parties, by agreement on file, consent that this court render judgment of reversal of the judgment of the circuit court against the Big Four Coal Mining Company.

The writ is granted as to petitioner and intervener, C. W. Ford, for the foregoing reasons; and the judgment of the circuit court is reversed and the cause remanded.

Writ granted; reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

