(113 So. 578)

## MARTIN v. SLOSS–SHEFFIELD STEEL & IRON CO. (6 Div. 914.)

Supreme Court of Alabama. June 30, 1927.

**1. Master and servant ☜412—Trial court's finding on evidence in compensation case is conclusive (Workmen's Compensation Act).**

Where testimony was conflicting, but there was testimony supporting finding of trial court in proceeding, under Workmen's Compensation Act (Code 1923, §§ 7534–7613), such finding is conclusive.

**2. Master and servant ☜373—Fatal injury by fellow employee when deceased renewed quarrel during rest period held not compensable (Workmen's Compensation Act [Code 1923, § 7596, subd. (j)]).**

Dependents of employee of steel company killed by fellow employee when deceased renewed quarrel during rest period purely because of personal anger and resentment *held* not entitled to compensation, in view of Workmen's Compensation Act (Code 1923, § 7596, subd. [j]), excluding liability where injury is inflicted by fellow workman for reasons personal to him and not related to employment.

Certiorari to Circuit Court, Jefferson County; John Denson, Judge.

Proceeding under the Workmen's Compensation Act by Jennie Martin for the death of Will Martin, opposed by the Sloss-Sheffield Steel & Iron Company, employer. Compensation was denied, and petitioner brings certiorari. Affirmed.

Statement by SOMERVILLE, J.:

This is an action for compensation under the Workmen's Compensation Act (Code 1923, §§ 7534–7613). The deceased workman was an employee of the defendant corporation, and was killed by a fellow servant.

The trial court's finding of facts and conclusion thereon, so far as need be stated, is as follows:

"The court finds that on September 15, 1925, said Will Martin was employed by the defendant at its furnace in the city of Birmingham, Jefferson county, Ala., and that his duties consisted of dumping coke from railroad cars at a place without the stockhouse; that his duties required him to work on a trestle about 15 feet above the stockhouse; that Henry Anderson, another employee of the defendant, worked in the stockhouse, his duties being to haul coke from the

stockhouse to the furnace; that neither Will Martin nor Henry Anderson had any authority control, or superintendence over the other, each being a' laborer; that Martin began quarreling with Anderson as. to the way the latter handled coke; cursed Anderson. The quarrel then ended and both Anderson and Martin resumed work. After an interval of time, the cast was made and the work of both employees ceased for a time, and said employees were free to rest or do as they pleased. Martin then left the trestle where his place of work was, and came down into the stockhouse where Anderson was. When Martin entered the stockhouse, Anderson was sitting down under a bin, resting. Martin began abusing and cursing Anderson, and Anderson told Martin to leave him (Anderson) alone; that he wanted no trouble. Several times Martin invited Anderson to physical combat, urging Anderson to "fly into me." Anderson remained seated under the bin and Martin walked by him several times, still cursing Anderson and inviting him to fight. This continued several minutes. When Martin was in close proximity to him, Anderson arose, picked up an iron coupling pin that was lying nearby, and struck Martin on the head or neck, killing him instantly.

"The court finds and concludes that said Martin did not receive an injury arising out of and in the course of his employment; that his death was caused by the act of a fellow employee intended to injure him because of reasons personal to him and not directed against him as an employee, or because of his employment. The court find that the quarrel, as a result of which said Will Martin was killed, was a personal one between him and said Henry Anderson, and that the death of Martin was caused otherwise than by an accident arising out of and in the course of his employment."

On this finding the trial court rendered a judgment denying compensation to the petitioner, and she brings the case here for review by the writ of certiorari.

G. M. Edmonds, of Birmingham, for appellant.

The killing was an accident within the meaning of the Compensation Act. Code 1923, § 7596 (i); Garrett v. Gadsden Coop. Co., 209 Ala. 223, 96 So. 188; Stasmos v. S. I. C., 80 Okl. 221, 195 P. 762, 15 A. L. R. 576. The act is liberally construed. Moss v. Standridge, 215 Ala. 237, 110 So. 17; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219; Verschleiser v. Stern & Son, 229 N. Y. 192, 128 N, E. 126. The master is liable for injury or death of a servant caused by the act of a fellow servant arising out of the employment, unless done for reasons personal to said fellow servant. Ex parte Terry, 211 Ala. 418, 110 So. 768; Hinchuk v. Swift & Co., 149 Minn. 1, 182 N. W. 622; Willis v. Pilot Butte M. Co., 58 Mont. 26, 190 P. 124; Case v. Hulsebush, 122 Ala. 212, 26 So. 155.

Bradley, Baldwin, All & White, S. M. Bronaugh, and W. M. Neal, all of Birmingham, for appellee.

An injury to an employee, caused by the act of a fellow employee, intended to injure the employee because of reasons personal to himself and not directed against him as an employee or because of his employment, is not an injury arising out of and in the course of the employment of the injured employee. Code 1923, § 7596 (j); Garrett v. Gadsden Coop. Co., 209 Ala. 223, 96 So. 188; Romerez v. Swift & Co., 106 Kan. 844, 189 P. 923; Jacquemin v. Turner & Co., 92 Conn. 382, 103 A. 115, L. R. A, 1918E, 496; Stillwagon v. Callan Bros., 183 App. Div. 141, 170 N. Y. S. 677. If under any reasonable view of the evidence in a compensation case, it will support the conclusion reached by the trial court, the finding and judgment will not be disturbed by the appellate court on certiorari. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837.

SOMERVILLE, J. [1] This court has uniformly held in cases of this sort that if, upon any reasonable view of the evidence, it will support the findings and conclusion of the trial court, the judgment rendered thereon will not be disturbed. Ex parte Sloss-Sheffield, etc., Co. (Greek's Case) 207 Ala. 219, 92 So. 458. This means that, "where there is any legal evidence to support the finding, such finding is conclusive." Ex parte L. & N. R. Co. (House's Case) 208 Ala. 216, 94 So. 289; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837.

Counsel for appellant takes a view of the evidence quite different from that of the trial court, and naturally reaches a different conclusion. His view is that the quarrel between the decedent and his slayer, Henry Anderson, from its inception to its final termination, was one continuous transaction, begun and continued by the decedent on account of and in the prosecution of his employment, and hence his conclusion that his death was an accident arising out of and in the course of his employment.

It may be conceded that some of the testimony supports that view of the quarrel and killing; but, on the other hand, there is testimony which clearly supports the several contrary findings of fact, as stated by the trial court, and we are bound to accept these findings as conclusively correct.

[2] The only question to be determined, therefore, is whether, as a matter of law, upon the facts found, the conclusion and judgment of the trial court are wrong.

Without regard to judicial precedents, we think that conclusion and judgment are correct. The decedent was not, when killed, in the discharge of any duty of his employment, nor in the pursuit of the master's business, notwithstanding that the original causa belli

was connected with that business. The conclusion we think, is clear that the decedent was renewing a quarrel because of his purely personal anger and resentment; and he was assaulted and slain by Henry Anderson for reasons that were purely personal to him, and not because he was an employee, or because of his employment, or because he was engaged in the duties of his employment. Code, § 7596, subd. (j); Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188. See, also, for a strongly analogous application of the principle, Wells v. Henderson Land Co., 200 Ala. 262, 76 So. 28, L. R. A. 1918A, 115.

The case of Romerez v. Swift & Co., 106 Kan. 844, 189 P. 923, is substantially like this, and with respect to the conduct of the decedent, Romerez, who was killed in a row with fellow employees, the court said:

"However much provocation or justification may have existed for the resentment felt by Romerez on account of the abusive language used by the negroes, the fact remains that he stepped aside from his work and left his task to settle this matter of personal spleen. It cannot be held that in so doing he was in the line of his employment, or that the regrettable result arose out of such employment."

The case of Jacquemin v. Turner, etc., Mfg. Co., 92 Conn. 382, 103 A. 115, L. R. A. 1918E, 496, presents the same features—a quarrel between the injured workman and a fellow servant over the use of a ladle in doing their work. The court held that the injury did not arise out of the employment, and denied compensation, saying:

"O'Shaugnessy asserted a right over Jacquemin's ladle which he did not have. He began the quarrel and fight. These were purely personal. They had no relation to the special conditions of the business, so far as the finding shows. *And when Jacquemin had full opportunity to have desisted from the fight he chose to renew it and thereafter received his injury.* The fight occurred in the course of the employment, but it did not originate in it or arise as a consequence or incident of it. These men turned temporarily from their work to engage in their own quarrel. Nothing their employer required of them would necessarily provoke them to a quarrel, nor could this have been reasonably anticipated. The fact that employees sometimes quarrel and fight while at work does not make the injury which may result one which arises out of their employment. There must be some reasonable connection between the injury suffered and the employment or the conditions under which it is pursued." (Italics supplied.)

To the same effect, on similar facts, is the case of Stillwagon v. Callan Bros., Inc., 183 App. Div. 141, 170 N. Y. S. 677, affirmed in 224 N. Y. 714, 121 N. E. 893.

As observed by the Supreme Court of Minnesota in State ex rel., etc., v. District Court, 140 Minn. 470, 475, 168 N. W. 555, 556, 15 A. L. R. 579, 583 (quoted with approval in Ex parte Coleman, 211 Ala. 248, 250, 100 So. 114, 115):

"The employment may have given the occasion, and without the employment there might have been no opportunity, but there was no causal connection between the employment and the criminal act of the unknown assailant."

The *principle* there declared is none the less applicable here because of the fact that the assailant was a fellow servant of the slain workman.

Counsel for appellant cite in support of his position the following cases, among others: Case v. Hulsebush, 122 Ala. 212, 26 So. 155; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Terry, 211 Ala. 418, 100 So. 768; Hinchuk v. Swift & Co., 149 Minn. 1, 182 N. W. 622; Stasmos v. Industrial Commission. 80 Okl. 221, 195 P. 762, 15 A. L. R. 576; Willis v. Industrial Commission, 78 Okl. 216, 190 P. 92; Heitz v. Ruppert, 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A, 344; Carbone v. Loft, 219 N. Y. 579, 114 N. E. 1062.

We have examined all of these cases, but a detailed review of them would unduly extend this opinion. The Alabama cases are in no wise opposed to our conclusion. In the Minnesota case (Hinchuk v. Swift & Co.) the injury resulted directly from a quarrel with a fellow servant growing out of the workmen's employment, and related to the performance of the injured man's work then being done, no personal antipathy being apparent. In the first Oklahoma case (Stasmos v. Industrial Commission) the workman was injured by *a superior*, as the direct result of his proper inquiry as to his use of an elevator in the plant. So, also, in the New York cases (Heitz v. Ruppert and Carbone v. Loft), the injury resulted directly from a quarrel relating to the performance of work then being done which it was the injured man's duty to do.

The case of Stasmos v. Industrial Commission, supra, in our opinion, cannot be supported either by reason or authority, as demonstrated by the vigorous dissenting opinion of three of the seven judges.

With respect to the Oklahoma cases it must be observed, also, that there is in the Oklahoma law no provision like ours (Code, § 7596, subd. [j]) excluding liability where the injury is inflicted by a third person or a fellow workman for reasons personal to him, and not related to his employment.

As the case appears from the record, we are unable to impute error to the judgment of the circuit court, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.