# LOTUS MAHER AND ANOTHER v. DULUTH YELLOW CAB COMPANY AND ANOTHER.[1]

October 21, 1927.

No. 26,385.

**When finding for affirmative of fact issue should be sustained upon circumstantial proof.**

1. A finding for the affirmative of a fact issue should be sustained where, the proof being wholly circumstantial, a reasonable deduction from the evidence supports the finding and there is not a manifest and undeniable preponderance of opposing and more reasonable inference.

**Rule applied in compensation case for murder of taxicab driver by drunken passenger.**

2. Rule applied in a compensation case where a taxi driver was murdered by an intoxicated passenger under such circumstances that a quarrel over fare might well have been the occasion for the shooting, there being nothing to indicate that the murder was for reasons personal to the victim or because of circumstances wholly disconnected with his employment.

Appeal and Error, 4 C. J. p. 845 n. 82 New.

Evidence, 22 C. J. p. 68 n. 43.

Workmen's Compensation Acts—C. J. p. 74 n. 87; p. 80 n. 25; p. 115 n. 37; p. 116 n. 38.

---

See note in L.R.A. 1918E, 498; 15 A. L. R. 589; 28 R. C. L. 810; 4 R. C. L. Supp. 1861; 6 R. C. L. Supp. 1760.

Certiorari by the defendants, Duluth Yellow Cab Company and Maryland Casualty Company, to review an order of the industrial commission awarding compensation for the death of James Myron Maher. Affirmed.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for appellants.

*A. Feldman,* for respondents.

[1] Reported in 215 N. W. 678.

STONE, J.

Certiorari to review an order of the industrial commission awarding compensation for the death of James Myron Maher. Maher was assassinated, and the only question is whether the evidence sustains the finding that the homicide occurred in the course of and because of his employment, the burden being upon claimants to establish the affirmative of that issue.

Maher was a taxi driver in the employ of the Duluth Yellow Cab Company. He was murdered by a passenger who entered his cab in front of the Holland hotel in Duluth at about six p. m. on November 4, 1926. Maher's car was next observed in Superior by one Shaul, the driver of a Superior taxicab who happened to be following Maher at the time. The latter's cab stopped near a viaduct over a number of railroad tracks in an outlying district of Superior. The spot might have been chosen because of the opportunity it afforded for an unobserved escape of the assassin. Just before Maher's cab stopped, Shaul, the driver of the following cab, observed its passenger in conversation with Maher. Shaul stopped his cab just back of Maher's, and the latter's passenger alighted and came back to Shaul's cab. He appeared intoxicated and peered into the Shaul car saying he was "looking for something." Thereupon Shaul drove on, landed his passenger at a dock some distance on, and returned within five or ten minutes. Maher's cab was standing at the same place with the lights on. Shaul proceeded on his way without knowing that anything was wrong, but it was soon discovered that Maher had been killed. His body was found in a position indicating that the shooting might have occurred while Maher was standing on the ground beside his cab about to open the door for his passenger to alight, or for the purpose of speaking to the latter, or in order to examine the meter from the inside. Maher had only 25 cents when he left home. He had made one 45-cent trip. Only 35 cents was found on his person.

The rules of the cab company enjoin upon its drivers constant courtesy to passengers and that they open and close cab doors for them. "Meter receipts must always be handed to passengers" when

the fare is paid. In this case the meter had been cleared, but the receipt not delivered. If the passenger refuses to pay fare, the driver is directed to call a policeman and sign a complaint "at police station in his own name." Otherwise he is held responsible for the amount registered by the meter. The company further suggests that when its chauffeurs "have strangers in their cabs, especially those who are visiting from place to place, that they always ask for a reasonable deposit."

That Maher's death came in the course of his employment is conceded. The remaining question is whether the homicide may be properly charged to the employment within the meaning of the compensation law, G. S. 1923, § 4269. There can be no recovery if the assailant had intended to injure Maher "because of reasons personal to him, and not directed against him as an employe, or because of his employment." G. S. 1923, § 4326 (j). There being so little to suggest robbery as a motive, the question is whether the theory that the killing resulted from a quarrel over fare can be sustained.

1. When compensation is asked for an assault, the question is whether the affray was because of the employment or induced by causes wholly unconnected with it. State ex rel. School District v. District Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579. While the employment need not be in the category of proximate cause, it must furnish occasion or inducement. So the logical problem is akin to that involved in determining whether circumstantial evidence supports a finding of proximate cause.

Any discussion of the subject must keep in mind that the burden of proof is with the affirmative. The negative prevails automatically without evidence either way, and should prevail in the absence of a preponderance of proof for the affirmative. It follows that the negative may well prevail through conjecture or mere possibility if there is nothing stronger for the affirmative. But it is never enough for the affirmative that the evidence suggests possibility or furnishes the basis for a mere conjecture, as distinguished from a reasonable inference, in its favor. The proof must not only agree with but must also furnish reasonable support for the "hypothesis

which it is adduced to prove." Lillstrom v. N. P. R. Co. 53 Minn. 464, 55 N. W. 624, 20 L. R. A. 587. The proof for the affirmative must be "something more than merely consistent with her [the plaintiff's] theory" and such as will reasonably justify the inference or inferences necessary to sustain the challenged finding. McNamee v. Hines, 150 Minn. 97, 102, 184 N. W. 675. That test allowed recovery in Moores v. N. P. Ry. Co. 108 Minn. 100, 121 N. W. 392, and denied it in Bruckman v. C. St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263.

It is for the triers of fact to choose not only between conflicting evidence but also between opposed inferences. So, where the evidence is all circumstantial, if a finding is supported by an inference which is clearly reasonable, the reviewing authority cannot set it aside simply because of an opposing inference which seems to it more reasonable. It is only where the inference upon which the challenged finding rests is not itself reasonably supported or where it is clear that the whole evidence is in manifest and undeniable preponderance against it (even though there is some support for it in the evidence) that there should be a reversal. Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418; Voge v. Penney, 74 Minn. 525, 77 N. W. 422; Martin v. Courtney, 75 Minn. 255, 77 N. W. 813; Messenger v. St. Paul City Ry. Co. 77 Minn. 34, 79 N. W. 583. Compare Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434.

2. The intoxication of the passenger is a circumstance pregnant with possibility. Soon after Shaul had driven on, it is reasonably clear that Maher's passenger returned to his cab and shot him from the front after Maher for some purpose had gotten out of the cab. The shot may have been fired from inside the cab. The weapon was not close enough to powder-mark Maher's clothing. A probable purpose of his alighting would be to check the meter receipt, give it to his passenger, and collect the fare. The clearing of the meter indicates that the passenger was discharging the car. It was the occasion for a quarrel if the passenger was so inclined, and his intoxication may well have made him quarrelsome. Maher's duty was to insist on payment. He did not get it but was killed instead

—killed when every circumstance indicates that he was performing a duty of his employment and when that very thing might well have excited a drunken and fatal rage on the part of the passenger. So we perceive not only that the evidence furnishes reasonable basis for the finding of fact necessary to sustain the award but also that there is no preponderance to the contrary.

The case is broadly distinguishable from State ex rel. School District v. District Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579, where it is plain that the employment of the victim had nothing to do with the inducement of the crime. Davis v. S. S. Kresge & Co. 169 Minn. 245, 210 N. W. 1003, was stronger for compensation because robbery was so clearly suggested as a motive. In State ex rel. Anseth v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957, the circumstances of the injury were established by direct proof.

There is evidence that an unidentified person had a motive for doing violence to Maher. But there is nothing to indicate that the possessor of that motive was the murderer. So in view of the finding on the fact issue, that evidence is not controlling.

Respondents are allowed for the fees of their attorney in this proceeding the sum of $100.

Order affirmed.