154 So. 121

## AGRICOLA FURNACE CO. v. BOWEN.

### 7 Div. 16.

Court of Appeals of Alabama.
April 10, 1934.

London, Yancey, Smith & Windham, of Birmingham, for appellant.

Motley & Motley, of Gadsden, for appellee.

SAMFORD, Judge.

Plaintiff in the court below brought his action against the defendant (petitioner here)

for damages for and on account of the loss of an eye, while he was employed and working in defendant's plant, and to which he claims to be entitled under the Compensation Act (Code 1923, § 7534 et seq.), by which he and defendant were governed at the time of the accident resulting in the injury.

The finding of the circuit court is as follows:

"This cause coming on for trial and being submitted to me on issues made by the pleadings, and on the admissions of parties in open court and on testimony introduced by both plaintiff and defendant; and upon the pleadings and proof, together with the admission of the parties, the Court makes the following finding of the facts and law in the case.

" 'That on the 10th day of May, 1932, the relation of employer and employee or master and servant existed between the plaintiff, R. L. Bowen, and the defendant, Agricola Furnace Company, a corporation, that both parties were subject to the Compensation Acts of Alabama then in force and effect, and that R. L. Bowen, plaintiff, while so employed and engaged suffered injury and damage, which was the proximate result of an accident which arose out of and during the course of his employment by the defendant, and that a controversy has arisen as to the right and amount of compensation, and that said R. L. Bowen is a resident citizen of Etowah County, and resides at 223 South 5th Street, Gadsden, Alabama.

" 'That on the 10th day of May, 1932, the said R. L. Bowen and eighteen months prior thereto was, as a skilled laborer, engaged in running a facing machine for defendant, it being his duty under his employment to operate such machine in facing feed sections and ash pits for furnaces, and that his average weekly earning for 52 weeks next preceding said injury was $7.03 per week payable every two weeks, and that on said day while in the performance of his duty under his employment by defendant, emery dust and steel was suddenly and violently thrown into his right eye and so injured his said right eye that plaintiff lost the sight of said eye as a proximate result of said injury and said eye is blind, and plaintiff has totally lost the sight of said eye.

" 'That plaintiff has a wife and three children ranging in ages from 5 to 10 years old dependent on him for a living, and that the defendant had actual knowledge and notice of said accident and injury on the same day it occurred and within a short time after it occurred on the same day.

" 'The Court further finds that the plaintiff lost the sight of his right eye as a proximate cause and by reason of said injury of his eye by emery dust and steel being thrown into his eye while engaged in the performance of his duty under his employment; and that defendant had actual knowledge of said accident at the time it happened, and that plaintiff is entitled to compensation at the rate of $5.00 per week commencing on the 10th day of May, 1932, and running 100 weeks payable $10.00 every two weeks.

" 'It is therefore ordered, adjudged and decreed that plaintiff have and recover judgment against the defendant for compensation in the sum of five hundred dollars as provided in said Compensation Act to be paid in the manner following:

" 'The sum of two hundred and fifty dollars to be paid in cash to the Clerk of this Court forthwith, the same being the accrued compensation for the first fifty weeks; the balance of said compensation shall be paid to the Clerk of this Court in the sum of ten dollars every two weeks thereafter for fifty weeks, being $5.00 per week for the balance of said 100 weeks.

" 'The Court hereby approves the employment of Motley & Motley as attorneys for the plaintiff in this case and fix their fees at 10 per cent of the amount awarded, being the sum of fifty dollars, which is due and payable as the same shall become due and is paid.

" 'It is further ordered and decreed that the Clerk of this Court pay Motley and Motley attorneys twenty-five dollars of the amount now due, when collected by him and $1.00 of each payment hereafter paid when the same is paid in as their fee in this cause; and that the balance of said payment or amounts received be paid by the Clerk to the plaintiff in this case, except costs.

" 'It is further ordered and decreed that the defendant be taxed with all costs of this suit, for all of which judgment and costs let execution issue as provided by law.

" 'Dated this the 25th day of April, 1933.
" '[Signed] Woodson J. Martin,
" 'Judge of the 16th Judicial Circuit.' "

It is recognized by appellant and conceded to be the law that this court is not called upon to review any questions of fact when any conflict appears, or to pass in any wise upon the weight of the testimony. It is insisted, however, that the burden of proof in the lower court was on the plaintiff, and that, in the absence of any legal evidence to sup-

port any one of his material averments, he must fail as a matter of law. Ex parte Coleman, 211 Ala. 248, 100 So. 114.

It is thus contended that in this respect plaintiff has failed in two particulars: (1) That the plaintiff as a result of emery dust and steel filings being thrown into his right eye suddenly and violently was so injured that he lost the sight of said eye as a proximate result of said injury. (2) That the defendant had such knowledge or notice of the said accident and injury as is required and contemplated by the Workmen's Compensation Act of this state. The foregoing are the only two questions of merit presented and insisted upon by petitioner.

1. As to the first of these questions, it is undeniably a fact that plaintiff is now and was on October 17th blind in his right eye; that prior to May 10th the eye was healthy and all right and the evidence tends to prove that on May 10, 1932, while plaintiff was working at one of defendant's machines and in the employ of defendant, the dust from an emery wheel, together with some steel filings, were thrown into his eye; that since that time the eye has never been well and grew gradually worse until the sight was gone. True, there is evidence of another hurt to this same eye in September, and, while this second hurt may have hastened the loss of the eye, such fact would not relieve the defendant from liability for the eye which received the original injury in May.

2. As to the second question we find no difficulty in reaching the conclusion that there was ample evidence to sustain the trial court on the question of notice.

We find no error, and the judgment is affirmed.

Affirmed.