(106 So. 799)

**BORIS CONST. CO. v. HAYWOOD.**
**(6 Div. 524.)**

(Supreme Court of Alabama. Dec. 17, 1925. Rehearing Denied Jan. 21, 1926.)

1. **Master and servant ⬤⟞373—Death of employé, accidentally shot by stranger, held compensable.**

Death of employé, accidentally shot by small boy shooting at sparrows while deceased was boarding employer's truck in course of his employment, *held* to come within Workmen's Compensation Act; it being immaterial that risk was external to employment, since employment caused exposure to the risk.

2. **Master and servant ⬤⟞348—Compensation Act liberally construed.**

Workmen's Compensation Act should be liberally construed so as to effectuate its humane design.

Certiorari to Circuit Court, Jefferson County; C. B. Smith, Judge.

Petition of the Boris Construction Company, doing business as the Builders' Transfer Company, for certiorari to the circuit court, Jefferson county, to review the finding and judgment of that court in a proceeding, under the Workmen's Compensation Act, by Lucille Haywood, against the petitioner. Writ denied.

B. F. Smith, of Birmingham, for petitioner.

The accident from which the employé died did not arise out of his employment. Code 1923, § 7534; Ex parte Majestic Coal Co., 208 Ala. 91, 93 So. 728.

H. C. Wilkinson and C. W. Greer, both of Birmingham, opposed.

The Compensation Act must be liberally construed. Steagall v. Sloss Co., 205 Ala. 101, 87 So. 787; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ex parte Majestic Coal Co., 208 Ala. 91, 93 So. 728; 8 A. L. R. 930, and note. The accident resulting in Haywood's death involved an exposure to the perils of the street. There was no error in awarding compensation. Ex parte Rosengrant, 213 Ala. 202, 104 So. 409; Chandler v. Industrial Comm., 55 Utah, 213, 184 P. 1020; Mahowald v. Thompson-Starrett Co., 134 Minn. 113, 158 N. W. 913, 159 N. W. 565; Katz v. Kadans & Co., 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401; Challis v. London, etc., Co., 2 K. B. 154; 74 L. J. K. B. (N. S.) 569.

ANDERSON, C. J. [1, 2] This action was under the Workmen's Compensation Act (Laws 1919, p. 206), and was tried upon an agreed statement of facts, in substance, as follows: The plaintiff's husband was an employé of the defendant, and was killed while acting in the line and scope of his employment as a truck driver, and while standing near a truck he was employed to drive, and while the truck was standing in front of the defendant's place of business within the city limits of Birmingham. The deceased was in the act of stepping up into the truck for the purpose of driving it to deliver certain goods or articles for the defendant, when a small boy, something like a block away, and off the premises of the defendant, fired a 22 rifle at a sparrow, and the bullet struck said employé in the back of the head and killed him instantly.

The only question argued by the defendant, against whom a judgment was rendered by the circuit court, is whether or not the undisputed facts authorized said judgment under the Workmen's Compensation Act. The deceased was unquestionably acting in the course of his employment, and while in the act of discharging his duty thereunder, and came to his death by virtue of an accident as the boy was shooting at a sparrow and did not intend to shoot him. As often held by this and other courts, the Workmen's Compensation Act was intended to serve a beneficent purpose, and should be liberally construed so as to effectuate its humane design. We think the finding of the trial court was fully justified under the recent case of Ex parte Rosengrant (Ala. Sup.) 104 So. 409,[1] which is identical in principle with the present case, and, though not identical in facts, they are substantially similar. It matters not that the risk from the accident in question may have been external to the employment; yet the employment caused the exposure to the risk. Mahowald v. Thompson Co., 134 Minn. 113, 158 N. W. 913, 159 N. W. 565. See, also, the case of Chandler v. Industrial Com., 55 Utah, 213, 184 P. 1020, 8 A. L. R. 930, and note.

The writ is denied.

SAYRE, GARDNER, and MILLER, JJ., concur.