26

. Pillans, Cowley & Gresham, of Mobile, for appellant.

Rickarby, Beebe & Coley and M. V. Hanaw, all of Mobile, for appellee.

(111 So. 758)

### MALLORY S. S. CO. v. HIGGINS.
### (1 Div. 671.)

(Court of Appeals of Alabama. March 22, 1927.)

RICE, J. The gist of plaintiff's action is that one John Pugh, an agent or servant of the defendant, while engaged in and about the business of defendant, and acting within the line and scope of his authority as such agent or servant, willfully, wantonly, and violently assaulted and beat plaintiff by cutting plaintiff's leg and foot with a large knife; or, as differently stated, that said Pugh, etc., with force and arms assaulted plaintiff, etc.

Among other defenses defendant interposed amended plea 5, as follows:

"That defendant at the time of plaintiff's alleged injuries, for which, this action is brought, had 16 or more employees in its said business referred to in said count; that plaintiff was, at all times mentioned in said count, on the defendant's premises in the city of Mobile, Ala., as a servant or employee of this defendant; and that the said John Pugh committed the alleged assault on plaintiff of which plaintiff complains, whilst he, the said John Pugh, and the said plaintiff were both on the aforesaid premises of this defendant, engaged in the performance of work for this defendant in its said business as such servants or employees; and that the alleged injuries of which plaintiff complained in said count were caused by an accident arising out of and in the course of plaintiff's aforesaid employment by this defendant."

■ Plaintiff's demurrer takes the point that an assault cannot be willful and yet accidental. The trial court sustained the demurrer to plea 5. The case went to the jury on the complaint, and on the plea of general issue, and a plea setting up justification of the assault. There was jury and verdict for the plaintiff.

Appellee's argument against plea 5 as last amended, viz., that an assault cannot simultaneously be willful and accidental, is answered by the following quotation from the opinion by Mr. Justice Somerville in the case of Ex parte Coleman, 211 Ala. 248, 100 So. 114:

"It is well settled that a willful assault upon an employee, whether by a fellow workman or a third person, may be an 'accident' within the definition of the act. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 225, 96 So. 188" (citing other authorities).

In the Garrett-Gadsden Cooperage Company Case, 209 Ala. 223, 96 So. 188, the question was the sufficiency vel non of a plea identical in purpose to that here involved, in answer to a complaint for damages for an assault wantonly and willfully perpetrated by an agent or servant of the defendant. The plea there involved alleged that, at the time of the injury to plaintiff, defendant had 16 or more employees in its service; that plaintiff was on the premises as an employee or servant; and that:

"The said Will Le Fergie struck plaintiff with said bar of iron whilst he and plaintiff were both on the premises of this defendant engaged in the performance of work for the defendant as such servant."

The plea there was held defective for failure to allege that plaintiff's injury arose out of his employment, and the court held that, for aught appearing from the complaint or plea, plaintiff's injury may have been the result of an assault made by his assailant for reasons altogether personal to the assailant. Plea 5, here, contains the categorical averment that plaintiff's alleged injuries *were caused by an accident arising out of and in the course of plaintiff's aforesaid employment by this defendant.*"

■ We think that this plea meets the objection pointed out in the Garrett Case; that its averments are such as to show that plaintiff's case falls within the exclusive field of the Workmen's Compensation Act (Code 1923, § 7546) and without the influence of subsection (j) of section 36 of the Act (Code, § 7596), since the italicized averment above is incompatible with an interpretation that the assault may have been made for reasons altogether personal to the assailant.

Having reached the conclusion that plea 5 was not subject to the demurrer, we deem it unnecessary to pass upon other errors assigned.

For the error in sustaining demurrer to plea 5, the judgment is reversed and the cause remanded.

Reversed and remanded.