(125 So. 608)

## McLAUGHLIN v. DAVIS LUMBER CO.
### (1 Div. 559.)

Supreme Court of Alabama.   Dec. 19, 1929.

Rehearing Denied Jan. 23, 1930.

Inge, Stallworth & Inge, of Mobile, for petitioner.

Armbrecht & Hand, of Mobile, for respondent.

442

SAYRE, J. This appeal brings into review the finding against appellant on her claim for compensation under the Workmen's Compensation Act, Code 1923, § 7534 et seq.

The deceased employee, a night watchman, was slain while upon the premises he was hired to watch and while engaged in the discharge of his duty as watchman. That he came to his death in the course of his employment is not denied.

The employee's death was accidental within the meaning of the statute. Dean v. Stockham Co., ante, p. 25, 123 So. 225. But, to entitle appellant to compensation, the death of her husband, the employee, must also have arisen out of his employment. Section 7596. Whatever of difficulty there is in the case arises out of the last-mentioned requirement of the statute.

It is said on behalf of appellant, wife of deceased, that the finding of facts made by the trial court is omissive—to use the language of some of the decisions—and shows a mistake of law as to the controlling question in the case, viz., the question whether the death of the employee arose out of his employment, and that question is presented to this court by a bill of exceptions reserved with a view to showing that, as to that, the trial court fell into an error of law. In other words, the contention here is that upon the whole evidence appellant appears without conflict to have been entitled to compensation.

It appeared without dispute that the deceased employee came to his death by reason of a wound inflicted by a shot from a gun in the hands of another. That was at night and, as we have said, was upon the premises he was employed to watch. No one saw the shooting, and the employee, though he survived for some weeks, made no statement as to the facts. We infer from the nature and consequence of his wound he was unable to make a statement. Tracks upon the ground at the place of the shooting indicated the presence there of another person and that such other left the place running.

What conclusion should the court have drawn from the meager facts thus stated? The burden of proof was on the claimant, but according to the decisions in similar cases the court should have construed the relevant law liberally in favor of the employee. From the facts stated the conclusion was entirely reasonable, if not inevitable, that the employee was killed by a trespasser on the property he was employed to care for, a lumber yard. If the facts in evidence indicated that the employee was killed solely on account of some personal feeling against him, or if the circumstances pointed to suicide, there could be no award of compensation. Of the first hypothesis there is not a trace of evidence. The second is excluded by the location and manner of the wound. We have only the facts stated, to repeat, that he was a night watchman, engaged at the time in the discharge of his duty to his employer, and that he was killed by some intruder upon the premises for whose action no interpretation appears save only the inference to be drawn from the fact that, while trespassing, he came into contact with the employee watchman and killed him. The opinion here is that the stated interpretation involves also the conclusion that the death of the employee arose out of his employment. That employment involved peculiar exposure to perils of the sort that cost him his life. For that reason he was habitually armed while engaged in the performance of his duty, though it happened that at the moment of the infliction of the fatal wound he had not his weapon at hand. There was no evidence of an intent to commit the offense of robbery against the person of the employee, as was the case in Dean v. Stockham Co., supra—at least no evidence that the killer attempted to follow up his deadly assault by robbing his victim. Rather, the tracks on the ground indicated a hurried departure from the premises.

On the facts as we have stated them on the authority of the trial court's finding and the bill of exceptions, our conclusion, as already in effect stated, is that, as matter of law, appellee's employee came to his death by an accident, within the meaning of the statute, arising out of as well as in the course of his employment. We refer to Dean v. Stockham Co., and the cases there discussed. The judgment denying compensation will be reversed, and the cause remanded with direction to enter judgment for plaintiff in agreement with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.