(132 So. 727)

## HARRIS v. SLOSS–SHEFFIELD STEEL & IRON CO.

### 6 Div. 713.

Supreme Court of Alabama.

Jan. 15, 1931.

Rehearing Denied March 19, 1931.

See, also, 218 Ala. 130, 117 So. 755.

S. R. Hartley, of Birmingham, for appellant.

Bradley, Baldwin, All & White, of Birmingham, for appellee.

ANDERSON, C. J.

■■ This case has been before the court before, and is reported in 218 Ala. 130, 117 So. 755. It was there, in effect, held that the facts as found by the trial court affirmatively excluded the deceased employee from the protection of the Workmen's Compensation Act under subdivision (J) of section 7596 of the Code of 1923. In other words, that the death of the deceased was caused by the act of a third person or employee intended to injure the deceased because of reasons personal to him, and not directed against him as an employee or because of his employment.

The finding of facts by the trial court are identical with the former finding, and this application is in the nature of a rehearing. True, there is a bill of exceptions, but the finding of the trial court finds support in the evidence of the plaintiff's witness, Tarwater, and we have repeatedly held that, in cases of this character, this court merely looks to see if there is any evidence supporting the facts found by the trial court, and if on any reasonable view, the facts support the conclusion, the judgment will not be disturbed. Ex Parte Coleman, 211 Ala. 248, 100 So. 114; Martin v. Sloss-Sheffield Steel & Iron Co., 216 Ala. 500, 113 So. 578; Greek's Case, 207 Ala. 219, 92 So. 458; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878.

We think the former opinion is sound and can add but little thereto, and will merely quote from a case there cited, Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188, 190, wherein the court, speaking through Justice Sayre, said:

"It results that, if an assault on an employee is committed by another, whether co-employee or stranger, solely to gratify personal ill will, anger, or hatred, the injury done cannot be said to arise out of the employment within the meaning of the Workmen's Compensation Act."

The cases cited and relied upon by plaintiff's counsel are not in conflict with this or the former opinion in this case. In each of these cases, the injured employee was engaged in the duties of his employment when injured, and, while in some of said cases it may have been stated that his employment exposed him to danger, the court did not have in mind a case like this or intend to nullify subdivision (J) of section 7596 of the Code. Nor did the court hold, or mean to hold, that the mere fact that the employment put the injured servant in the place where injured would of itself suffice, in the absence of some causal connection between the injury and the employment.

The case nearest in point is Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225. In this Dean Case, supra, the former opinion in this case was cited and differentiated. The Dean Case was considered by the full court on rehearing, where the decision was not only approved, but the trial court was directed to enter judgment for plaintiff.

True, that case, in keeping with other decisions of this court, declared a case of willful assault may be compensable, although there is no purpose to injure the employer. As there pointed out, subdivision (J) does not exclude all cases where the assault is "intended to injure the employee because of reasons personal to him," but adds: "And not directed against him as an employee, or *because of his employment.*" (Italics supplied.)

The peculiar hazards of the position of night watchman, furnishing not only the occasion or opportunity, but suggesting the opportunity for robbery, and so contributing to the injury as cause and effect, is the basis of the Dean Case.

No such conditions existed here as to the deceased, Harris. If Tarwater, whose employment had brought on the assault, had been killed, a different case might have been presented.

The writ is denied, and the judgment of the circuit court is affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.