186 So. 141

**HOWARD ODORLESS CLEANERS, Inc., v. BLEVINS.**

**6 Div. 366.**

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

W. E. Howard, of Birmingham, for appellant.

Harsh, Harsh & Hare and N. S. Hare, all of Birmingham, for appellee.

BROWN, Justice.

This is a petition for certiorari by the employer to review the rulings of the Circuit Court, awarding to the appellee, as the widow of the deceased, workman's compensation on account of his death.

The contention of the petitioner is that the workman did not come to his death by accident arising out of and in the course of his employment, and by agreement of the parties the inquiry on the trial in the Circuit Court was limited to this question—a mixed question of law and fact—which the trial court decided in favor of the widow, stating his conclusions of fact and law as required by the statute. Code 1923, § 7578; Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225.

It appears from the conclusion of facts, and there was competent legal evidence going to support such conclusion, the workman, Smith Blevins, was an employee of the defendant, that his duties were to fire the boiler, stay on the premises at night and protect the property of his employer against trespassers, keep the premises closed during the night, and admit the other employees to their working places in the mornings. For this purpose he was permitted to sleep on the premises on a cot furnished by the employer, was furnished a pistol, flash light and the keys to the building. While on duty robbers entered the premises, bludgeoned the workman, crushing his skull, inflicting an injury from which he died the following day. The safe was broken open and rifled, the robbers taking twelve thousand dollars in diamonds and a thousand dollars or more of cash from the safe.

The morning following the robbery, when the first employee arrived, he found the injured workman in the front part of the building near the office where the safe was located, sitting on a table, but unconscious and unable to speak because of his injury.

These facts justified the conclusion of the trial court that the workman met his death by accident arising out of and in the course of his employment. Dean v. Stockham Pipe & Fittings Co., supra.; McLaughlin v. Davis Lumber Co., 220 Ala. 440, 125 So. 608; Republic Iron & Steel Co. v. Ingle, 223 Ala. 127, 134 So. 878.

The foregoing authorities support the ruling of the court on the demurrers to the petition.

The record and proceedings of the Circuit Court appear free from error.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.