8 So.2d 519

**DALLAS MFG. CO. v. KENNEMER.**

**8 Div. 188.**

Supreme Court of Alabama.

June 5, 1942.

Sadler & Sadler, of Birmingham, for appellant.

Griffin & Ford, of Hubtsville, for appellee.

FOSTER, Justice.

The question in this case is whether the injury and death of an employee arose out of as well as in the course of his employment, and therefore whether it is compensable under Articles 1 and 2 of Chapter 5, Title 26, Code of 1940.

There was an agreed statement of facts which the judge used as his finding of the facts. It appears that this decedent Kennemer, and Shelton and Lackey were employees of defendant engaged in the same shift due to be relieved at three o'clock in the afternoon. Mrs. Shelton, the wife of said employee, had a personal grievance against Lackey, in no way connected with the employment. She was not an employee, but knowing that Lackey was due to come off the shift at three in the afternoon, she made her way through the gate to the exit of the building where they were employed. Kennemer was through with his work, and was on the outside of the building of defendant near the exit, but still within the enclosed premises awaiting the blowing of the factory whistle to change the shift. As Lackey was making his exit, Mrs. Shelton fired a pistol at him, missed him and struck Kennemer accidentally causing his death. "Her shooting at Lackey was for reasons personal to her, arising out of a love affair between her and Lackey." She had frequently entered through this gate, though a guard was stationed there. Other persons not employed by defendant entered the premises both through the gates and through the office of the defendant. This was common practice. Mrs. Shelton had the pistol concealed, and defendant had no notice or knowledge of it. From the agreed facts, the court concluded that "The deceased employee was not injured by the act of a third person or fellow employee intending to injure the employee because of reasons personal to him, within the meaning of that portion of subdivision J of section 262 of Title 26, Code of 1940. But that said deceased's death was caused by an accidental injury received by him while he was on the premises of his employer at a place where the duties of his employment called or caused him to be at the time, and without fault or negligence on his part, and by or from a risk set in motion or originating on said premises and to which his employment caused him to be exposed. A risk inherent in his close association or confinement with fellow employees in numbers sufficient to the operation of his employer's business, to-wit, the operation of a cotton mill, and with the acquaintances and members of the families of such employees, or other third persons, whom the employer or its servants permitted to have access to such premises and fellow employees, and the negligence and human frailties of such

fellow employees and third persons—A risk of place and association to which he would not have been subject or exposed at such time and place but for his contract of employment. And that the deceased employee, James Edward Kennemer, husband of the plaintiff, came to his death as the direct and proximate result of an accidental injury suffered by him in the course of his employment and which arose out of his employment by the defendant."

We agree with the trial court that this situation is not within the exception of section 262(j), Tit. 26, Code of 1940, since it was not an intentional injury of Kennemer. But it does not follow that because the injury was accidental it was compensable, even though at the time he was on the premises of defendant and was serving in the course of his employment. Nor is the matter necessarily settled by the fact that the cause of his injury originated on said premises of defendant to which his employment caused him to be at that moment exposed. The fact that his employment subjected him to the incidents of association with a large number of employees, their acquaintances and members of their families and others visiting on the premises merely furnished an occasion for the happening of this occurrence, unless it was a natural consequence of those conditions.

This was not, we think, a hazard which was the natural incident to his work at that place. His work did not subject him to the consequences of such rowdyism as might be contemplated on account of the anticipated rude nature of the people with whom he must come in contact by reason of it as in Ex parte Rosengrant, 213 Ala. 202, 104 So. 409, nor to "street accidents" where his employment requires him to be continually or frequently in the street. Boris Construction Co. v. Haywood, 214 Ala. 162, 106 So. 799; 28 R.C.L. 805, 806, section 93, notes 12, 13 and 14.

The question always is whether his employment specially subjected him to a hazard of that sort, as one which may be supposed would be a natural consequence of it. If an employee is killed while on duty by the willful act of some person on a personal ground not connected with his employment, it is not compensable. Ex parte Coleman, 211 Ala. 248, 100 So. 114; Section 262(j), Title 26, Code of 1940.

But if he is a watchman on duty, that sort of work generates the hazard of an attack on him because of that fact. Republic Iron & Steel Co. v. Ingle, 223 Ala. 127, 134 So. 878; Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225; McLaughlin v. Davis Lumber Co., 220 Ala. 440, 125 So. 608; Howard Odorless Cleaners v. Blevins, 237 Ala. 210, 186 So. 141.

In all cases it is necessary that the duties of his employment expose him to a danger materially in excess of that to which people commonly in that locality are exposed when not situated as he was in the course of his employment. Pullman-Standard Car Mfg. Co. v. Lively, 239 Ala. 684, 196 So. 870; Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565.

We think the court misapplied the law to the facts agreed on in this case. We do not think that Kennemer's employment exposed him to any such danger in the natural course of events.

The judgment of the circuit court is reversed and one here rendered denying compensation to Mary Kennemer, the plaintiff in that court.

Reversed and rendered.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.