48 So.2d 3

### UNITED SERVICE INS. CO. v. DONALDSON.
### 3 Div. 550.

Supreme Court of Alabama.
Oct. 12, 1950.

Jack Crenshaw and Walter J. Knabe, of Montgomery, for appellant.

Rives & Godbold, of Montgomery, and Abner R. Powell, Jr., of Andalusia, for appellee.

LIVINGSTON, Justice.

Certiorari to review the decision of the Circuit Court of Montgomery County, Alabama, awarding compensation to plaintiff, C. Bascom Donaldson, in his suit against United Service Insurance Company, a corporation, filed under the provisions of the Alabama Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq.

This review by certiorari does not perform the functions of an appeal, and we are not concerned with whether the finding of facts is proper if it is supported by any legal evidence. Gadsden Iron Works v. Beasley, 249 Ala. 115, 30 So.2d 10, and cases therein cited.

In pursuance of section 304, Title 26, Code of 1940, the trial court filed in writing with the clerk of said court a determination of the controversy, containing a statement of the law and facts and conclusions by the judge. It is as follows:

"Statement of Law
and Facts and Conclusions.

"In this cause, which came on to be heard, the parties and their attorneys being present in open court, the plaintiff, C. Bascom Donaldson, a resident of Montgomery, Alabama, claimed of the defendant, United Service Insurance Company, an Alabama corporation, with its principal place of business in Montgomery, Alabama, compensation under the Workmen's Compensation laws of Alabama.

"On November 5, 1948, the plaintiff was a citizen and resident of Montgomery, Alabama, and on that date was employed in a capacity variously called 'supervisor,' or 'district manager,' or 'superintendent' for the defendant company. He was paid a salary, plus travel expenses, and worked in an assigned area in the southern part of the State.

"The injuries for which the plaintiff sought compensation grew out of an automobile collision on November 5, 1948, on U. S. Highway 31, a public highway between Atmore and Brewton, Alabama. The plaintiff, who was driving his own automobile, was within the territory which he supervised for the defendant company; he had for several days been working for the defendant company in Atmore. At the time of the accident he was enroute to Brewton to perform further duties for his employer in that city. The highway on which he was traveling was the normal route of travel between these two cities. The court finds that at the time of the collision, the plaintiff was in the course of his employment and the accident arose out of such employment. As a proximate result and consequence of the collision, the plaintiff's left arm was severely injured and shortly thereafter was amputated above the elbow.

"The defendant company had prompt notice of the accident, being notified on the same day.

"The court finds that at the time of the injury the employee was not intoxicated and that the injury was not caused by willful misconduct of the employee, nor by his own intoxication, nor by any willful violation of law by the employee, nor by the employee's willful breach of any reasonable rule or regulation of the employer.

"At the time of the accident and for more than a year before the accident, the average

weekly earnings of the plaintiff were $110.00 per week. Plaintiff had hospital and medical expenses in the amount of $351.00, which expenses were necessarily incurred in the treatment of his injuries.

"The court finds that at the time of the accident the defendant company and the plaintiff employee were subject to the Workmen's Compensation Laws of Alabama. There were four employees in defendant's home office in Montgomery, and there were more than eight employees variously called 'supervisors,' 'managers,' and 'superintendents' who were paid regular salaries and were subject to wide control by the home office of the company. They submitted detailed reports to the home office, the plaintiff being one of this group, and all of this group being employees. There were also many insurance agents, they being on a salary basis, being subject to transfer, discharge and change of salary by the home office, having no offices of their own, and in other ways being subject to and subjected to the control of the home office of the defendant company. These agents were employees of the company.

## "Judgment.

"It appearing that the defendant in this cause is subject to the Workmen's Compensation Laws of Alabama, that the plaintiff was an employee of the said company and was at the time of his injury in the course of his employment and the injury arising out of said employment, and no sufficient defense having been shown as to why the plaintiff is not entitled to compensation, compensation is hereby awarded to the petitioner in the amount of $18.00 per week for a period of two hundred weeks, and the petitioner is further awarded the sum of $200.00 medical and hospital expenses.

"It is further considered and adjudged by the court, and it is the judgment of the court, that the plaintiff do have and recover of the defendant the sum of $18.00 per week for a period of two hundred weeks, beginning November 12, 1948, and the further sum of $200.00 for medical and hospital expenses and the costs of this cause incurred, and for the sum now due

and the court costs, let execution issue unless presently paid and for future weekly installments payable in the future, execution may issue, unless paid when due.

"It is further considered, ordered and decreed by the court, and it is the judgment of the court, that the attorneys' fee of Abner R. Powell, Esq., Richard T. Rives, Esq., and John C. Godbold, Esq., attorneys for the petitioner be and it is hereby fixed at the sum of fifteen (15%) percent of the first $300.00 due and paid and ten (10%) percent of the balance due and paid."

Petitioner, defendant, states in brief, "We submit that the sole question is whether the plaintiff's injuries both arose out of and in the course of his employment so as to be compensable under the statute." Petitioner insists that under the provisions of subdivision (j) of section 262, Title 26, Code, there was no evidence to support a finding that the plaintiff's injury arose out of and in the course of his employment. Subdivision (j), supra, provides: "Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service at the time of the accident, and during the hours of service as such workmen, and shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment, and it shall not include a disease unless the disease results proximately from the accident."

The trial court found that plaintiff's injuries did arise out of and in the course of his employment, and the only question here is whether there is some supporting evidence.

The evidence tends to prove the following facts, some of which are of course without dispute. The defendant, United Service Insurance Company, is engaged in the business of selling colored burial insurance,

with its home office in Montgomery, Alabama. Plaintiff, Donaldson, whose home is in Montgomery, was employed at a weekly salary by the company as field manager or field supervisor, having charge of the district offices at Brewton, Camden, Mobile and Jackson. As manager or supervisor, it was his duty to supervise the district offices at those places, and where there was no manager at any district office it was his duty to act as manager. His duties, among other things, required him to be away from Montgomery from Monday through Friday to check records in the branch offices, go with agents and check their records against the records of the policyholders, sell insurance, make collections from policyholders, taking over both selling and collecting functions of the company where there was no available agent for a series of accounts, train salesmen and check caskets in stock at funeral homes. His activities and duties covered a large area in south Alabama. In the performance of his duties for the defendant, Donaldson used his own automobile, but defendant reimbursed him for the expense in doing so. From Monday through Thursday of the week during which he was injured on Friday, Donaldson was engaged in making an inspection of defendant's branch office at Atmore. He worked at Atmore until 7:30 P.M. Thursday and was due to open the Brewton office, about thirty miles away, at 8:00 A.M. the following day for the purpose of checking the defendant's agent at Brewton. Upon completing his work on Thursday evening at Atmore, Donaldson, with one Shanholtzer, drove to a lodge somewhere between Atmore and Brewton to a barbecue dinner, with attending festivities. The dinner was served by the Southeastern Alabama Fox Hunters Association. He ate, drank, shot craps and played a little poker and, at about 11:30 P.M. he and Shanholtzer went to sleep at the lodge. They arose the next morning at about 5:30 or 6:00 o'clock and drove back to the hotel in Atmore, with Shanholtzer driving Donaldson's car. Donaldson shaved, bathed and slept for a few minutes. About eight o'clock Friday morning he checked out of the hotel, got in his car and started to Brewton. Some twelve miles out of Atmore his car collided with a truck proceeding in the opposite direction from that in which he was travelling, and as a result Donaldson's arm was so badly injured that it was necessary to amputate it above the elbow. There was no duty on Donaldson to proceed from Atmore to Brewton on Thursday night, rather than spend the night at Atmore and proceed to Brewton the next morning. He was free to use his own judgment and initiative in that regard.

■ We feel no hesitancy in holding there is ample evidence to support a finding or conclusion that at the time Donaldson was injured he was acting in the course of his employment. That is, he was engaged in furthering his employer's business. Whether his injury arose out of his employment is another question. In determining whether the injury is one arising out of employment the question is whether the employment specially subjected the employee to a hazard of the sort causing injury and one which might be supposed would be a natural consequence of it.—Sections 253–313, Title 26, Code; Dallas Mfg. Co. v. Kennemer, 243 Ala. 42, 8 So.2d 519.

Injuries resulting from street or highway perils are discussed in 58 Am.Jur. page 732, section 226. We quote the following therefrom:

"With respect to the compensability of injuries resulting from accidents occurring to employees while on a street or other public way in the course of their employment, as the result of some risk or peril to which they are thereby exposed, there is considerable confusion among the authorities, the point of divergence being whether such an injury can be considered an injury fairly incident to the employment. From the general principles governing the compensability of injuries resulting from public perils generally, what is known as the doctrine of street risks was developed in some of the earlier cases, and it was very generally held that an employee was not entitled to compensation for an injury occurring in the public street unless it could be shown that the workman's employment involved peculiar exposure to the perils of the street,

The strictness of this view gave rise to an exception in the case of workmen whose duties required them to be continually or frequently in or upon the street or other highway, as in the case of draymen, deliverymen, messengers, newsboys, and local solicitors, collectors, or outside salesmen. Moreover, the tendency of the later cases is toward a more liberal construction of the term 'arising out of the employment,' as applied to street risks, and in a majority of the jurisdictions the recovery of compensation is now permitted where the employee receives a street or highway injury while in the course of his employment, although the employment may not have required his presence on the street or highway continually, but only occasionally, or even only on the one occasion on which he was injured, and notwithstanding the fact that others engaged in their own affairs are more or less exposed to the same risks. A 'street peril,' within the operation of this rule, is a peril which is peculiar to the use of a street or other public way. The term is generally held to include perils inherent in or arising out of some particular local condition, and those due to the action or operation of human, animal, or mechanical instrumentalities incidental to the use of the street, as distinguished from those resulting directly from what is commonly referred to as an act of God, or from some other occurrence of a general character which is as likely to happen elsewhere. Under this rule, compensation has been allowed for injuries by falling, due to defects in the street, by collision with passing vehicles, by assault, by attacks by animals, and by the overturning of a vehicle in which the employee was riding. An injury to an employee traveling upon a street or highway by being struck by a falling tree has also been held to be compensable as resulting from a 'street hazard,' even though the falling of the tree was caused by a severe gale or windstorm.

"Where a street risk is incident to the employment of one injured by it, it is immaterial to his right to compensation whether he is using the street on foot or in a public or private vehicle, provided he does not thereby subject himself to some added and unauthorized peril. No recovery can be had, however, for injuries from public perils to employees whose duties require them to be upon the street where the injury is attributable to some act of the employee which constitutes a departure from the scope of his employment."

 As to "street accidents," or "perils of the street or highway," this Court has adopted the more liberal view that in case of workmen whose duties require them to be continually or frequently in or upon the street or highway and who are injured as a result thereof, the injury is one arising out of their employment.—Dallas Mfg. Co. v. Kennemer, supra; Boris Const. Co. v. Haywood, 214 Ala. 162, 106 So. 799; Ex parte Rosengrant, 213 Ala. 202, 104 So. 409.

The duties of plaintiff required him to make regular trips over the highways in an automobile, stop at hotels, and visit branch offices. These were his workshop, the places where he spent his time and worked for his employer. This situation or condition is not within the exception of section 262(j), Title 26, Code.

The evidence is sufficient to support the trial court's conclusion that the plaintiff's injury arose out of and in the course of his employment.

Affirmed.

BROWN, LAWSON and SIMPSON, JJ., concur.