61 So.2d 764

**DE ARMAN v. INGALLS IRON WORKS CO., Inc. et al.**

**6 Div. 100.**

Supreme Court of Alabama.

Dec. 4, 1952.

Jas. W. Aird, Birmingham, for appellant.

London & Yancey, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

Action for death of plaintiff's intestate, Mark Myatt DeArman, under the Homicide Statute. Section 123, Title 7, Code of Alabama 1940.

Myrtle C. DeArman, as administratrix of the estate of Mark Myatt DeArman, sues Ingalls Iron Works, Inc., a corporation; the Ingalls Shipbuilding Corporation, a corporation; Monroe B. Lanier; Clement S. Walter; and J. M. Shelton. The plaintiff's intestate was an employee of either one or the other of the corporate defendants and the individual defendants are employees of the corporate defendants who exercised control over the works, ways and machinery of the corporate defendants or were in charge of directing the work of the plaintiff's intestate at the time he met his death by electrocution while engaged in the performance of his duties as a welder for the corporate defendants.

The complaint, as amended, contains four counts sounding in damages for the wanton or wilful killing of plaintiff's intestate. Counts One and Three are framed under the provisions of the Employer's Liability Act of Alabama, Section 326, Title 26, Code of Alabama 1940. Counts Two and Four are framed under the common law and charge wilful or wanton killing of plaintiff's intestate by the defendants, their servants, agents or employees, while acting within the line and scope of their authority in failing to provide safe working tools to plaintiff's intestate and in failing to warn plaintiff's intestate of the inherent danger incident to the use of an electric welding machine furnished plaintiff's intestate by defendants for use in the performance of his work for defendants.

The court below sustained defendants' demurrers to plaintiff's complaint, and to each count thereof, separately and severally. Whereupon, plaintiff took a voluntary nonsuit because of such adverse ruling by the trial court with right of appeal.

It is contended by appellant that the following quoted averment of each count of the complaint makes a case for common law liability or liability under the Employer's Liability Act of the State of Alabama, Sections 326–329, Title 26, Code of Alabama 1940, making recovery of damages under the Homicide Act, Section 123, Title 7, Code of Alabama 1940, permissible under the facts alleged in the four separate counts of plaintiff's complaint:

> "Plaintiff avers that plaintiff's intestate's death was not caused by accident within the meaning of the definition of the word 'accident' as contained in the Workman's Compensation Act of the State of Alabama (Section 262, Title 26, Code of Alabama 1940), in that the cause of the death of plaintiff's intestate by electrocution by the use of said electrical welding machine furnished to plaintiff's intestate by defend-

ant was by reason of the use of such machine, which was known to the defendants as being an inherently dangerous machine and that the use thereof without knowledge of such danger by the plaintiff's intestate could be expected to produce death to plaintiff's intestate by the use of said machine while performing duties incident to plaintiff's intestate's employment with the defendants all of which facts were well known to the defendants or could have been known in the exercise of reasonable diligence and which facts were not made known to the plaintiff's intestate by the defendants."

It is argued that the factual allegation of the several counts of the complaint showing that the defendants had knowledge that the use of the electrical welding machine furnished to the plaintiff was likely to cause death by the use thereof and that plaintiff's intestate had no knowledge of the inherent danger incident to the use of the machine, clearly shows that on the part of the defendants, the event, plaintiff's intestate's death, was neither unexpected nor unforeseen. The allegations of the complaint show knowledge on the part of the defendants from which death could both be foreseen and expected by virtue of the fact that plaintiff's intestate was required to use an inherently dangerous machine, known to the defendants as being inherently dangerous and known to the defendants to be likely to produce death by the use thereof by a person unacquainted with such inherent dangers.

On the other hand, appellees insist that the complaint states a cause of action, if any, under the Alabama Workmen's Compensation Act. The case then turns on a proper construction of the definition of "accident," contained in Section 262, Title 26, Code of Alabama 1940. The word "accident" is there defined as follows:

"The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in articles 1 and 2 of this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an *unexpected or unforeseen event,* happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body by accidental means." (Emphasis supplied.)

It is apparent that appellant has attempted to bring her case within the ambit of the decision rendered by this Court in the case of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530. In our opinion, this case is not here controlling.

■ Assuming, as appellant argues, that the death of appellant's intestate was not an unexpected or unforeseen event as concerns the appellees, it is not argued, nor can it be successfully argued, that it was not an unexpected or unforeseen event as regards the appellant's intestate. Nothing more is required to bring the case under the Workmen's Compensation Act than that the harm that appellant's intestate sustained shall be unexpected or unforeseen by him. The test as to whether injury is unexpected and unforeseen so if received on a single occasion occurs "by accident" is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing. What was actually probable, or even inevitable, because of circumstances unknown to the sufferer, is unimportant. Many cases defining "accidental injuries," accidents, and the like, hold that the unexpected and unforeseen event is one unexpected or unforeseen by the injured employee. Jakub v. Industrial Commission, 288 Ill. 87, 90, 123 N.E. 263; John H. Kaiser Lumber Co. v. Industrial Commission of Wisconsin, 181 Wis. 513, 195 N.W. 329; Early-Stratton Co. v. Rollison, 156 Tenn. 256, 300 S.W. 569.

■ Stated another way, under the compensation statutes, an accident may be an event not expected or designed by the workman *himself although it may have* been designed by another, and be the result of wilful, intentional, or designed acts on the part of others. As stated in 71 C.J., Section 328, at page 571:

"Within the meaning of the statutory word 'accident' and the like, as used to indicate when compensation shall be paid, and construed to mean an unlooked-for and untoward event which is not expected or designed, it is the expectation, intention, or design of the workman that is to be regarded; accordingly there may be an 'accident' within the meaning of the compensation act where the disability or death of the workman is the result of an event which, although designed by another, was neither expected nor designed by the workman who was its victim. * * *".

While we do not seem to have a case deciding the specific point, our decisions comport with the foregoing construction.

In the case of Dallas Mfg. Co. v. Kennemer, 243 Ala. 42, 8 So.2d 519, 520, it is said:

"The question always is whether his employment specially subjected him to a hazard of that sort, as one which may be supposed would be a natural consequence of it. If an employee is killed while on duty by the willful act of some person on a personal ground not connected with his employment, it is not compensable. Ex parte Coleman, 211 Ala. 248, 100 So. 114; Section 262(j), Title 26, Code of [Alabama] 1940.

"But if he is a watchman on duty, that sort of work generates the hazard of an attack on him because of that fact. Republic Iron & Steel Company v. Ingle, 223 Ala. 127, 134 So. 878; Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225; McLaughlin v. Davis Lumber Co., 220 Ala. 440, 125 So. 608; Howard Odorless Cleaners v. Blevins, 237 Ala. 210, 186 So. 141."

In the case of Howard Odorless Cleaners v. Blevins, 237 Ala. 210, 186 So. 141, 142, a deceased employee was hired to fire the boiler at night and protect the premises, and was allowed to sleep on the premises of his employer. He was furnished a pistol and a flashlight. It further appeared that while on duty, robbers entered the premises, bludgeoned the workman and crushed his skull, and the safe was broken into. There, the court said:

"These facts justified the conclusion of the trial court that the workman met his death by accident arising out of and in the course of his employment. Dean v. Stockham Pipe & Fittings Co., supra; McLaughlin v. Davis Lumber Co., 220 Ala. 440, 125 So. 608; Republic Iron & Steel Co. v. Ingle, 223 Ala. 127, 134 So. 878."

In the case of Dean v. Stockham Pipe & Fittings Co., supra, this Court held that where a night watchman was killed, he met his death due to an accident which arose out of and in the course of his employment.

In the case of Gulf States Creosoting Company v. Walker, 224 Ala. 104, 139 So. 261, 262, it was said:

"Accident here is said to have its 'popular or ordinary meaning: Happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected,' and is defined by statute to mean 'an unexpected or unforeseen event, happening suddenly and violently, *with or without human fault,* and producing at the time injury to the physical structure of the body, by accidental means,' * * *." (Emphasis ours.)

The rule is stated in 71 C.J. 234, Section 9, as follows:

"As variously stated, and with the general exception obtaining where statutory provisions deny compensation to an employee willfully at fault, or guilty of willful misconduct, or increase the amount of the award where the injury is due to the serious and willful misconduct of the employer, *the liability and the right to recover created by the compensation acts have no reference to fault generally,* as is expressly provided in some of the acts, *or to blame, or to wrong, or to wrongdoing of any kind, or to any wrongful act or omission, and are not based*

*on any fault of the employer,* and are not based on any act, omission, wrong, wrongdoing, wrongful act, wrongful conduct, breach or neglect of duty, or dereliction, on his part, nor on any dereliction or fault on the part of his representatives, nor on any fault or neglect on the part of his employees, * * *. The compensation is not for a legal or actionable wrong, or for an actionable fault, and the liability and the right to recover have no reference to tort, whether on the part of the employer or the employee or a third person * * *." (Emphasis ours.)

Under the foregoing authorities, we are clear to the conclusion that the appellant's intestate was killed by an accident arising out of and in the course of his employment and is within the purview of the Alabama Workmen's Compensation Act. See also Mallory S. S. Co. v. Higgins, 22 Ala.App. 26, 111 So. 758; Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188.

Suggestion is also made that the point of the applicability of the Alabama Workmen's Compensation Act was not properly raised by a demurrer and that the act should have been pleaded; this, in order to give appellant the opportunity to plead the fact that the deceased employee left no dependents within the meaning of the Workmen's Compensation Act.

This direct question was presented to the Circuit Court of Appeals for the Fifth Circuit, in the case of Patterson v. Sears Roebuck & Co., 196 F.2d 947, 949, appealed from the U. S. District Court for the Southern District of Alabama, and decided May 16, 1952. That court, speaking through Chief Judge Hutcheson, said:

"The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workmen's Compensation Act, and as it does in many death damage cases in other states, for a strictly limited kind of recovery.

"But the matter, while one of first impression in Alabama, is not so in many other states whose compensation law is like that of Alabama. Among the cases that may be cited dealing with this exact point and ruling it as the district judge did, are cases from five states, all holding that in death damage cases the compensation act is exclusive, and that, where provision is made only for suits by dependents, no others may predicate a suit upon an allegation that there are no dependents.

"In addition, while the Alabama cases have not yet decided the precise question, the courts in Alabama have, by their decisions, foreshadowed what their decision in this kind of case will be so clearly that we are in no doubt that when it comes to the question it will decide it as other courts have done. Indeed, in Steagall v. Sloss Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787, the Supreme Court of Alabama, in answering a question akin to the one at issue here, referred with approval to the Gregutis case [Gregutis Waclark Wire Works, 86 N.J.L. 610, 92 A. 354], note 4 supra, a leading case from New Jersey deciding the question at issue here as the district judge did below."

In addition, it is well settled in Alabama that:

"* * * injuries suffered by an employee are presumed to come under the Workmen's Compensation Law. If therefore the complaint should be interpreted as contended by plaintiff to state an action ex delicto, it would still be defective in failing to aver facts that take it without the Compensation Law. Kaplan v. Sertell, 217 Ala. 413, 116 So. 112." W. B. Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772, 774.

We find no error in the record, and the cause is affirmed.

Affirmed.

FOSTER, SIMPSON and GOODWYN, JJ., concur.