RUSSELL, Judge.
Steve Jacobs (employee) appeals from an order entered in this workmen’s compensation case holding that the personal injuries *1022 sustained by the employee did not arise out of and in the course of his employment with Bowden Electric Company (employer) and denying benefits. We affirm.
The standard of review of this court in a workmen’s compensation case is a two-step process. We must first determine if the trial court’s findings are supported by any legal evidence. Then we must determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Furthermore, only injuries that are caused by an accident arising out of and in the course of an employee’s employment are compensable under the workmen’s compensation act. § 25-5-51, Ala.Code 1975; J.C. Penney Co. v. Pigg, 544 So.2d 169 (Ala.Civ.App.1989).
The dispositive issue in this case is whether the employee has met the burden of proof that his injuries resulted from an accident arising out of and in the course of his employment.
The record reveals that on November 10, 1987, the employee was injured at the employer’s plant while performing his job as a motor winder. A nephew of the employee entered the plant and shot the employee with a shotgun. The nephew had shot and killed his own father earlier that day and also allegedly committed robbery later the same day.
The employee testified that the mental condition of his nephew had been unstable since the nephew returned from military service and that the nephew had tried to injure himself and had attacked people. The employee also testified that he had no information that would connect the shooting with his employment and that the shooting had nothing to do with his working for the employer. He further stated that the nephew said that he shot the employee because “God sent him.”
The nephew had never been an employee of the employer. He was charged with attempted murder but was-found not guilty by reason of mental disease or defect.
The employee contends that, although he was injured by the acts of a third-party, he is entitled to workmen’s compensation benefits because he was injured on the job while performing his work.
Section 25-5-1(9), Ala.Code 1975, provides as follows:
“INJURIES BY AN ACCIDENT ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT. Without otherwise affecting either the meaning or interpretation of such clause, such clause does not cover workmen except while engaged in or about the premises where their services áre being performed or where their service requires their presence as a part of such service at the time of the accident and during the hours of service as such workmen, and shall not include any injury caused by the. act of a third person or fellow employee intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment....”
(Emphasis supplied.)
The evidence indicates that the injury was caused by the act of a third person who intended to injure the employee because of reasons personal to him and that it was not directed against him as an employee or because of his employment. Dallas Manufacturing Co. v. Kennemer, 243 Ala. 42, 8 So.2d 519 (1942); Harris v. Sloss-Sheffield Steel & Iron Co., 222 Ala. 470, 132 So. 727 (1931). The record contains no evidence that indicates that the attack on the employee had a relationship to his employment. Therefore, we hold that the trial court’s findings are supported by the legal evidence and that a reasonable view of that evidence supports the trial court’s judgment.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.